UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS LAUMANN, FERNANDA GARBER, ROBERT SILVER, GARRETT TRAUB, DAVID DILLON, and PETER HERMAN, representing themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL HOCKEY LEAGUE et al., <br><br> Defendants. | 12-cv-1817 (SAS) |
| FERNANDA GARBER, MARC LERNER, DEREK RASMUSSEN, ROBERT SILVER, GARRETT TRAUB, and PETER HERMAN, representing themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> OFFICE OF THE COMMISSIONER OF BASEBALL et al., <br><br> Defendants. | 12-cv-3704 (SAS) <br><br> ECF Cases <br><br> Electronically Filed |

**REPLY TO CONSOLIDATED RESPONSE TO AMENDED COMPLAINTS**

**INTRODUCTION**

Plaintiffs provide this brief Reply to Defendants' response to the October 26, 2012 amended complaints in the above-captioned cases. All Plaintiffs have Article III standing to seek the relief described in the amended complaints because they currently participate in the relevant markets and are likely to be harmed in the future by the anticompetitive behavior at issue. Further, Defendants' response mischaracterizes Plaintiffs' position on the relationship between class certification and standing.

**ARGUMENT**

**A.  Plaintiffs Have Article III Standing to Seek Injunctive Relief**

Article III "[i]njury in fact is a low threshold, which we have held 'need not be capable of sustaining a valid cause of action,' but 'may simply be the fear or anxiety of future harm.'" *Ross v. Bank of America, N.A.,* 524 F.3d 217, 222 (2d Cir. 2008) (quoting *Denney v. Deutsche Bank AG,* 443 F.3d 253, 263, 264 (2d Cir. 2006)). Nevertheless, Defendants argue that certain of the Plaintiffs lack standing to seek injunctive relief because they are not currently subscribing to certain of the broadcast services at issue, but rather are consumers who have subscribed in the past and alleged an intent to subscribe again in the future.[1] The injury-in-fact that Plaintiffs need to show "must be actual or imminent to ensure that the court avoids deciding a purely hypothetical case in which the projected harm may ultimately fail to occur." *Baur v. Veneman*, 352 F.3d 625, 632 (2d Cir. 2003). Plaintiffs meet this burden.

---

[1] Were the Defendants' view of Article III standing accurate, restrictions on trade arising from the one-time purchase of goods or services would be immune from consumer challenge. This is not the law—courts routinely find standing where purchasers of non-subscription based products allege antitrust injury. *See, e.g., In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 261 F. Supp. 2d 188, 198-210 (E.D.N.Y. 2003).

1

Plaintiffs' allegations regarding their historic purchase of certain of the subject products and regarding their intent to do so again in the future, *see, e.g.*, *Laumann* Am. Compl. at ¶¶ 12, 16-17, 43-44; *Garber* Am. Compl. at ¶¶ 15, 20-21, 48-49, support their burden under "the principle that a plaintiff may obtain standing by showing a sufficient likelihood of future injury." *Amnesty Intern. USA v. Clapper*, 638 F.3d 118, 136 (2d Cir. 2011). This "qualitative, not quantitative" inquiry [] is "highly case-specific." *Id.* at 137 (quoting *Baur*, 352 F.3d at 637). Here, where the plaintiffs are avowed sports fans and a history of viewing these products through both pay-subscriptions and other broadcast methods, the "probability of future harm," *id.* at 136, is high. *Cf. Janda v. T-Mobile, USA, Inc.*, No. C 05-03729 JSW, 2008 WL 4847116 at *4 (N.D. Cal. Nov. 7, 2008) (stating that allegations that former telephone subscribers would likely resubscribe if grievances were resolved would support standing for injunctive relief). It is hardly speculative that Plaintiffs are highly likely to be injured by unlawful restraints in these markets in the future. These products are parts of their daily lives, just as they are for millions of Americans. The circumstances here cannot remotely be equated with those in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992), in which the plaintiffs could not show—at the summary judgment stage—that they were likely to travel to Sri Lanka and Egypt, stating only that they intended to do so at some unspecified time in the future.

Moreover, each plaintiff is a participant in the market for television services generally, and of major league hockey and baseball programming in particular. Because they continue to participate in these markets as consumers, Plaintiffs have *current* actual injury arising from these practices. The blackout system undeniably reduces the choices these consumers have, as the complaints make clear. *See, e.g.*, *Laumann* Am. Compl. at ¶¶ 67, 84; *Garber* Am. Compl. at ¶¶ 71, 91. "One form of antitrust injury is '[c]oercive activity that prevents its victims from making

free choices between market alternatives.'" *Ross*, 524 F.3d at 223 (quoting *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 528 (1983)). The Second Circuit has squarely held that "[t]hese harms are sufficiently 'actual or imminent,' as well as 'distinct and palpable,' to constitute Article III injury in fact." *Id.; cf. Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 140 F.3d 1228, 1237 (9th Cir. 1998) (finding "active participant" in market had standing for equitable relief); *Reilly v. Medianews Group, Inc.*, No. C 06-04332 SI, 2007 WL 1068202 at *5 (N.D. Cal. April 10, 2007) (finding sufficient injury for to seek injunctive relief where "plaintiff was an active consumer in a market in which there was anti-competitive activity.")

All plaintiffs have properly pleaded that they will suffer injuries that can only be prevented through injunctive relief. Moreover, any dispute about whether the facts will bear this out is not appropriately resolved on a motion to dismiss. *See Lujan*, 504 U.S. at 561 (distinguishing showing required at summary judgment from "general factual allegations of injury" at pleading stage).

### B. Defendants Mischaracterize Plaintiffs' Position on the Relationship Between Class Certification and Standing

Defendants mistakenly characterize Plaintiffs as suggesting that "the Article III standing issue is not ripe for determination until after class certification." Consolidated Response [*Laumann* Docket No. 88] at 2. Plaintiffs have never suggested that Article III standing issues cannot be addressed until after class certification. The issue that Plaintiffs raised was different— whether Plaintiffs' seeking class relief for injuries associated with MLB Extra Innings was properly addressed as a standing issue or as a class certification issue, given that none of the original plaintiffs was a subscriber to that product. In Plaintiffs' view, this is merely a matter of some class members having purchased a different product from the named plaintiffs, which is a

3

classic representation issue, not a question about the existence of a case or controversy. In any event, that dispute is now moot, given the addition of Garrett Traub, who was a subscriber to MLB Extra Innings.

Dated: November 14, 2012

*/s/ Kevin Costello*
Kevin Costello (admitted *pro hac vice*)
Gary Klein (admitted *pro hac vice*)
**KLEIN KAVANAGH COSTELLO, LLP**
85 Merrimac Street, 4th Floor
Boston, MA 02114
Telephone: (617) 357-5500
Facsimile: (617) 357-5030

Edward Diver (admitted *pro hac vice*)
Howard Langer (admitted *pro hac vice*)
Peter Leckman (admitted *pro hac vice*)
**LANGER, GROGAN & DIVER, P.C.**
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Telephone: (215) 320-5660
Facsimile:  (215) 320-5703

Michael M. Buchman
**POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP**
600 Third Avenue
New York, NY 10016
Telephone: 212-661-1100
Facsimile: (212) 661-8665

J. Douglas Richards
**COHEN, MILSTEIN, SELLERS & TOLL, PLLC**
88 Pine Street
14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

Robert LaRocca
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street
Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700
Facsimile: (215) 238-1968

*Attorneys for Plaintiffs Fernanda Garber, Marc Lerner, Derek Rasmussen, Robert Silver, and Garrett Traub*

Fred Isquith
Alex Schmidt
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

*Attorneys for Plaintiff Peter Herman*

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on November 14, 2012, I filed the foregoing by ECF to all counsel of record.

                                                */s/ Kevin Costello*
                                                Kevin Costello
                                                **KLEIN KAVANAGH COSTELLO, LLP**
                                                85 Merrimac Street, 4th Floor
                                                Boston, MA 02114
                                                Telephone: (617) 357-5500
                                                Facsimile: (617) 357-5030