UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FERNANDA GARBER, MARC LERNER, DEREK RASMUSSEN, ROBERT SILVER, GARRETT TRAUB, and PETER HERMAN, representing themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, et al.,<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 12-cv-3704 (SAS)<br><br>ECF Case<br><br>Electronically Filed |

## MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION BY THE MLB DEFENDANTS, THE YANKEES AND YES TO STAY THIS ACTION

The MLB Defendants,[1] along with New York Yankees Partnership ("Yankees")
and Yankees Entertainment and Sports Network, LLC ("YES"), respectfully submit this
memorandum of law in support of their joint motion to stay pending the Supreme Court's
ruling in *American Express Co. v. Italian Colors Restaurant*, No. 12-133, 133 S. Ct. 594
(U.S. Nov. 9, 2012) ("*AMEX III*").

## ARGUMENT

To the extent that the Court is inclined to temporarily stay claims against Comcast
and DirecTV pending the Supreme Court's ruling in *AMEX III*, the MLB Defendants, the

---

[1] The MLB Defendants are Office of the Commissioner of Baseball, Major League
Baseball Enterprises Inc., MLB Advanced Media L.P., MLB Advanced Media, Inc.,
Athletics Investment Group, LLC, The Baseball Club of Seattle, L.L.P., Chicago White
Sox, Ltd., Colorado Rockies Baseball Club, Ltd., The Phillies, Pittsburgh Baseball, Inc.,
and San Francisco Baseball Associates, L.P.

Yankees and YES respectfully submit that such an interim stay should extend to all claims in this case, including the claims against the MLB Defendants, the Yankees and YES.  Given that Plaintiffs have alleged an essentially complete factual and legal integration of the claims against all Defendants– and considering the potential implications of an *AMEX III* ruling for all of the Defendants – extending a temporary stay to all of the claims would be both pragmatic and just.

As Plaintiffs' counsel confirmed at the December 18, 2012 status conference, Plaintiffs' core claim is that all of the Defendants allegedly are engaged in an integrated, vertical and horizontal "conspiracy" that, according to Plaintiffs, gives rise to claims against all Defendants by both the Television and Internet Plaintiffs.[2]  Accordingly, it is clear that *AMEX III* potentially impacts all Defendants' interests, not just those of Comcast and DirecTV.

The Second Circuit has recognized that, where some claims involving some parties are stayed pending arbitration, extending that stay to all other interrelated, but non-arbitrable, claims involving other parties furthers the "strong federal policy" favoring arbitration.  *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997) (staying non-arbitrable claims by one plaintiff pending arbitration of claims of another plaintiff) *see also Danisco A/S/ v. Novo Nordisk A/S*, 2003 WL 282391, at *4 (S.D.N.Y. Feb. 10, 2003) (granting stay of all claims pending arbitration of one plaintiff's claims).[3]  *AMEX III*

---

[2]  12/18/12 Tr. at 19:19; 26:3-9; 28:6-17.  The Defendants do not, of course, concede that there is any factual or legal basis for Plaintiffs' theories of conspiracy.

[3]  *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (1983) (recognizing that courts have discretion "to stay litigation among the non-arbitrating parties pending the outcome of the arbitration.").  Although the moving Defendants submit that a stay of all arbitrable and non-arbitrable claims would be appropriate in this case given the alleged, overarching conspiracy theory, the claims against the MLB

therefore potentially impacts the entire case because, to the extent that *AMEX III* permits arbitration of the direct claims brought by television subscribers, the necessarily interrelated claims against the MLB Defendants, the Yankees and YES also may be subject to stay. Once the Supreme Court issues its decision in *AMEX III*, this Court can then determine how best to proceed consistent with that decision, federal policy, and the various contractual provisions that it deems relevant. Therefore, to the extent that the Court grants an interim stay of claims against Comcast and DirecTV to allow those parties to assess their potential arbitration rights following a ruling in *AMEX III*, it is both fair and practical to extend the same, temporary stay to the claims against the moving Defendants so that they may assess their rights in light of *AMEX III* and any motions to compel that Comcast and DirecTV may bring following a ruling in that case.

## CONCLUSION

For the foregoing reasons, the MLB Defendants, the Yankees and YES respectfully request that, to the extent that the Court stays the claims against Comcast and DirecTV pending the Supreme Court's decision in *AMEX III*, it extend the identical, temporary stay to the claims against the MLB Defendants, the Yankees and YES.

Dated: January 7, 2013

Respectfully submitted,

Bradley I. Ruskin
Helene D. Jaffe
Jennifer R. Scullion

---

Defendants may themselves be subject to arbitration (on a non-class basis) either (1) under the arbitration provisions in the Comcast customer agreements, because the Television Plaintiff's claims against the MLB Defendants are entirely derivative of and interrelated with his claims against Comcast or (2) on the basis of the arbitration provisions in the MLB.tv customer contracts, to the extent that the Internet Plaintiffs claim an intent to purchase MLB.tv under a contract executed in the 2012 baseball season or later.

**PROSKAUER ROSE LLP**
Eleven Times Square
New York, New York 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
bruskin@proskauer.com
hjaffe@proskauer.com
jscullion@proskauer.com

Thomas J. Ostertag
Senior Vice President and General Counsel
Office of the Commissioner of Baseball
245 Park Avenue
New York, New York 10167
Telephone: (212) 931-7855
Facsimile: (212) 949-5653

*Attorneys for Defendants Office of the
Commissioner of Baseball, Major League
Baseball Enterprises Inc., MLB Advanced
Media L.P., MLB Advanced Media, Inc.,
Athletics Investment Group, LLC, The
Baseball Club of Seattle, L.L.P., Chicago
White Sox, Ltd., Colorado Rockies Baseball
Club, Ltd., The Phillies, Pittsburgh Baseball,
Inc., and San Francisco Baseball Assocs., L.P.*

Jonathan D. Schiller
Alan Vickery
Christopher Duffy
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Avenue, 7th Floor
New York, New York  10022
Telephone:  (212) 446-2300
Facsimile:  (212) 446-2350
jschiller@bsfllp.com
avickery@bsfllp.com
cduffy@bsfllp.com

*Attorneys for Defendants New York Yankees
Partnership and Yankees Entertainment &
Sports Network, LLC*

4