# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

FERNANDA GARBER, MARC LERNER,
DEREK RASMUSSEN and ROBERT
SILVER, representing themselves and all
others similarly situated,

        Plaintiffs,

        v.

OFFICE OF THE COMMISSIONER OF
BASEBALL, MAJOR LEAGUE
BASEBALL ENTERPRISES INC., MLB
ADVANCED MEDIA L.P., DIRECTV,
LLC, DIRECTV SPORTS NETWORKS
LLC, ROOT SPORTS PITTSBURGH,
ROOT SPORTS ROCKY MOUNTAIN,
ROOT SPORTS NORTHWEST, COMCAST
CORP., COMCAST SPORTSNET PHILLY,
L.P., COMCAST SPORTSNET BAY
AREA, L.PL, COMCAST SPORTSNET
CHICAGO, L.P., YANKEES
ENTERTAINMENT AND SPORTS
NETWORKS, LLC, ATHLETICS
INVESTMENT GROUP, LLC, THE
BASEBALL CLUB OF SEATTLE, L.P.,
CHICAGO NATIONAL LEAGUE BALL
CLUB, LLC, CHICAGO WHITE SOX,
LTD., COLORADO ROCKIES BASEBALL
CLUB, LTD., NEW YORK YANKEES
PARTNERSHIP, THE PHILLIES, L.P.,
PITTSBURGH BASEBALL, INC., and SAN
FRANCISCO BASEBALL ASSOCIATES,
L.P.,

        Defendants.

12-cv-3704 (SAS)
[rel. 12-cv-1817 (SAS)]



## STIPULATION AND [PROPOSED] ORDER TO STAY CERTAIN CLAIMS

WHEREAS, two related cases are pending before the Court: (1) an antitrust class action against the National Hockey League, nine of its member teams, DIRECTV, Comcast Corporation and certain regional sports networks affiliated with DIRECTV or Comcast ("*Laumann*"), and (2) an antitrust class action against the Office of the Commissioner of Baseball, nine of its member teams, DIRECTV, Comcast Corporation and certain regional sports networks affiliated with DIRECTV or Comcast ("*Garber*");

WHEREAS, in both cases, the DIRECTV Defendants raised the possibility of motions to compel arbitration based on arbitration agreements with their subscribers but reached stipulations with the *Laumann* and *Garber* Plaintiffs to defer any such motions pending possible further developments in *In re American Express Merchants' Litigation*, 667 F.3d 204 (2d Cir. 2012) ("*AMEX*").[1] The Court entered the stipulations as orders of the Court on April 25, 2012 (*Laumann*) and June 27, 2012 (*Garber*). On June 20, 2013, the Supreme Court rendered a decision in *AMEX*;

WHEREAS, the DIRECTV Defendants contend they have enforceable arbitration agreements with Plaintiffs Silver and Birbiglia;

---

[1] The "DIRECTV Defendants" include DIRECTV LLC (referred to herein as "DIRECTV"), DIRECTV Sports Networks LLC, Root Sports Pittsburgh, Root Sports Rocky Mountain, and Root Sports Northwest. Plaintiffs in *Laumann* and *Garber* ("Plaintiffs") together with the DIRECTV Defendants are collectively referred to herein as "the Parties" or individually as a "Party".

WHEREAS, without admitting that there is any basis for the DIRECTV Defendants to enforce the arbitration agreements or to stay either case, the Plaintiffs enter into this stipulation with the DIRECTV Defendants so that the Parties can avoid unnecessary proceedings regarding the enforcement of arbitration agreements and promote orderly and efficient of adjudication of issues;

THEREFORE, the Parties hereto stipulate and agree to the following relief:

(1)      Plaintiffs Silver and Birbiglia agree to stay all claims against the DIRECTV Defendants arising from their purchases from DIRECTV pending arbitration of these claims or further agreement of the parties.

(2)      Plaintiffs agree to not seek to resolve the stayed claims described in paragraph (1) above on a class basis, it being the Parties' intent that, in the event one or more classes is certified in this case, for any class members who purchased MLB Extra Innings and/or NHL Center Ice from DIRECTV, their claims against the DIRECTV Defendants arising from the purchases from DIRECTV shall be stayed.

(3)      Plaintiffs shall retain any rights they may have to pursue any claims stayed by virtue of paragraphs (1)-(2) in arbitration or small claims court according to the enforceable terms of any applicable arbitration agreements, it being the Parties' intent that, in the event one or more classes is certified in this case, any class members who would otherwise pursue the claims pursued by Silver and Birbiglia described in paragraphs (1) and (2) that are

stayed pursuant to this stipulation shall retain the same rights set forth in this paragraph.

(4)      At the conclusion of any proceeding in arbitration or small claims court described in paragraph (3), any Party may seek an order of the Court lifting the stay as to an arbitration claimant or respondent, to confirm or vacate an arbitral award, or for such other action or relief as the Court may order in connection with the proceeding.

(5)      The DIRECTV Defendants agree not to seek a stay or dismissal of claims by Plaintiffs Silver and Birbiglia against the non-DIRECTV Defendants based on enforcement of arbitration clauses in any agreements by which they purchased MLB Extra Innings and/or NHL Center Ice from DIRECTV, or by Plaintiff Traub against the DIRECTV Defendants based on enforcement of arbitration clauses in any agreement under which he purchased MLB Extra Innings and/or NHL Center Ice from Comcast. It is the Parties' intent that, in the event one or more classes is certified in this case, claims by class members like those pursued by Plaintiffs Silver or Birbiglia against the Comcast Defendants or by Traub against the DIRECTV Defendants shall not be subject to any motion to stay or dismiss by the DIRECTV Defendants based on the grounds described in this paragraph.

(6)      This Stipulation shall not give any non-Party any rights or obligations.

4

(7)      Nothing in this agreement prevents the subsequent settlement,

release or dismissal of any stayed claims in this forum.

(8)      Plaintiffs and the DIRECTV Defendants fully preserve their

respective positions, defenses and arguments as to all matters not

specifically agreed to herein, including their respective positions on the

merits of the issues.

DATED:   8/5/13

_____
Edward Diver
Howard Langer
Peter Leckman
**LANGER, GROGAN & DIVER, P.C.**
1717 Arch Street, Suite 4130
Philadelphia, PA  19103
Telephone: (215) 320-5660

*Attorneys for Plaintiffs*

DATED:

_____
Louis A. Karasik
Andrew E. Paris
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA  90071
Telephone: (213) 576-1148
lou.karasik@alston.com
drew.paris@alson.com

*Attorneys for the DIRECTV Defendants*

5

(7)     Nothing in this agreement prevents the subsequent settlement, release or dismissal of any stayed claims in this forum.

(8)     Plaintiffs and the DIRECTV Defendants fully preserve their respective positions, defenses and arguments as to all matters not specifically agreed to herein, including their respective positions on the merits of the issues.

DATED:

                               Edward Diver
                               Howard Langer
                               Peter Leckman
                               **LANGER, GROGAN & DIVER, P.C.**
                               1717 Arch Street, Suite 4130
                               Philadelphia, PA  19103
                               Telephone: (215) 320-5660

                               *Attorneys for Plaintiffs*

DATED:

                               Louis A. Karasik
                               Andrew E. Paris
                               Stephanie A. Jones
                               **ALSTON & BIRD LLP**
                               333 South Hope Street, 16th Floor
                               Los Angeles, CA  90071
                               Telephone: (213) 576-1148
                               lou.karasik@alston.com
                               drew.paris@alston.com
                               stephanie.jones@alston.com

                               *Attorneys for the DIRECTV Defendants*

5

IT IS SO ORDERED.

DATE: _____

_____
HONORABLE SHIRA A. SCHEINDLIN