**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Fernanda Garber, Marc Lerner, Derek Rasmussen, Robert Silver, Garrett Traub, and Peter Herman, representing themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Office of the Commissioner of Baseball, Major League Baseball Enterprises Inc., MLB Advanced Media L.P., Directv LLC, Directv Sports Networks LLC, Root Sports Pittsburgh, Root Sports Rocky Mountain, Root Sports Northwest, Comcast Corp., Comcast Sportsnet Philadelphia, L.P., Comcast Sportsnet California LLC, Comcast Sportsnet Chicago, LLC, Yankees Entertainment and Sports Networks, LLC, Athletics Investment Group, LLC, The Baseball Club of Seattle, L.P., Chicago Cubs Baseball Club, LLC, Chicago White Sox, Ltd., Colorado Rockies Baseball Club, Ltd., New York Yankees Partnership, The Phillies, L.P., Pittsburgh Baseball, Inc., and San Francisco Baseball Associates, L.P.,<br><br>Defendants. | **Civil Action No: 12-3704 (SAS) ECF Case**<br><br>**ELECTRONICALLY FILED**<br><br>**DIRECTV DEFENDANTS'**<br>**ANSWER TO SECOND AMENDED**<br>**CLASS ACTION COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

# TABLE OF CONTENTS

I.  NATURE OF THE ACTION ...................................................................... 1

II.  PARTIES ................................................................................................. 5

    A.  The Plaintiffs.................................................................................. 5

    B.  The League Defendants .................................................................. 7

    C.  The MLB Club Defendants ............................................................ 7

    D.  Other MLB Clubs .......................................................................... 8

    E.  The Television Defendants ............................................................. 8

    F.  Other Relevant Entities ................................................................. 9

III.  CLASS ACTION ALLEGATIONS ........................................................ 10

IV.  JURISDICTION AND VENUE ............................................................. 13

V.  TRADE AND COMMERCE.................................................................. 14

VI.  FACTS .................................................................................................. 15

VII.  CLAIMS FOR RELIEF ......................................................................... 23

VIII.  PRAYER FOR RELIEF ......................................................................... 27

    AFFIRMATIVE AND OTHER DEFENSES ............................................ 27

    DEMAND FOR JURY TRIAL ................................................................ 31

Defendants DIRECTV, LLC, DIRECTV Sports Networks, LLC, DIRECTV Sports Net Pittsburgh, LLC a/k/a Root Sports Pittsburgh, DIRECTV Sports Net Rocky Mountain, LLC a/k/a Root Sports Rocky Mountain, "," and Defendant DIRECTV Sports Net Northwest, LLC a/k/a Root Sports Northwest ," (collectively referred as "DIRECTV") answer the Amended Class Action Complaint as follows:

## I.
## NATURE OF THE ACTION

1.      DIRECTV admits only that the MLB is comprised of thirty professional baseball clubs who abide by internal agreements and bylaws. DIRECTV lacks sufficient knowledge as to the remaining allegations of paragraph 1 and therefore denies the same.

2.      Paragraph 2 contains only legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies all factual allegations in paragraph 2.

3.      DIRECTV states that the Complaint in *New York Yankees Partnership and Adidas America, Inc. v. Major League Baseball Enterprises, Inc., et al.*, Case No. 98-civ-0129 (S.D.N.Y.) contains legal conclusions to which DIRECTV is not required to respond and speaks for itself.  DIRECTV lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 3, and therefore denies the same

4.       DIRECTV admits that Madison Square Garden owns the New York Rangers and brought an antitrust suit in 2007.   DIRECTV states that the Complaint in *Madison Square Garden, L.P. v. Nat'l Hockey League, No*. 07-8455 (S.D.N.Y.) contains legal conclusions to which DIRECTV is not required to respond and speaks for itself.   DIRECTV denies that the distribution rights at issue in the MSG complaint are at issue here.   DIRECTV lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 4, and therefore denies the same

5.       DIRECTV states that the Second Amended Complaint in *Coyotes Hockey LLC v. NHL, Adv. No*. 09-494 (Bankr. D. Ariz. June 5, 2009) contains legal conclusions to which DIRECTV is not required to respond and speaks for itself. DIRECTV denies that the distribution rights at issue in the Coyotes Hockey LLC complaint are at issue here.   DIRECTV lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 5, and therefore denies the same.

6.       DIRECTV states that the Complaint in *Chicago Professional Sports Ltd. Partnership v. National Basketball Ass'n,* 961 F.2d 667, 669 (7th Cir. 1992) contains legal conclusions to which DIRECTV is not required to respond and speaks for itself.   DIRECTV denies that the distribution rights at issue in the Chicago Professional Sports Ltd. Partnership complaint are at issue here. DIRECTV lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 6, and therefore denies the same.

7.       Paragraph 7 contains only legal conclusions to which DIRECTV is not required to respond.

8.      Paragraph 8 contains only legal conclusions to which DIRECTV is not required to respond.

9.      Paragraph 9 contains legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies any allegations directed at it.

10.      DIRECTV admits that MLB.TV is a package of out-of-market televised baseball games streamed over the internet and that MLB Extra Innings is a package of out-of-market televised baseball games that is distributed through certain cable and satellite providers.  DIRECTV denies that a New York Mets fan in New York must own a television and subscribe to a cable package to view Mets games.  DIRECTV lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 10, and therefore denies the same.

11.      Paragraph 11 contains legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations of this paragraph, including any claim that it has colluded with other Defendants to sell the "out-of-market" packages through the League.  DIRECTV lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 11, and therefore denies the same.

12.      Paragraph 12 contains only legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV states that the alleged article by Stephen F. Ross & Stefan Szymanski, Fans of the World Unite!  (Stanford Univ. 2008) speaks for itself and otherwise denies any

3

factual allegations of paragraph 12.

13.     Paragraph 13 contains only legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV states that the Complaint in *Madison Square Garden, L.P. v. Nat'l Hockey League, No*. 07-8455 (S.D.N.Y.) speaks for itself and otherwise denies the allegations of paragraph 13.

14.     Paragraph 14 contains only legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations of paragraph 14.

15.     Paragraph 15 contains allegations directed to Plaintiffs whose claims have been dismissed and for which DIRECTV thus has no obligation to respond. As for Plaintiff Silver, DIRECTV admits that he purchased DIRECTV service that included channels carrying live professional baseball games.   DIRECTV lacks sufficient knowledge or information as to the truth of plaintiffs' intentions, and therefore denies the allegation.  The remaining allegations of this paragraph set forth legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the remaining allegations of paragraph 15.

# II.
# PARTIES

## A.   The Plaintiffs

16.   Paragraph 16 contains allegations about a Plaintiff whose claims have been dismissed and for which DIRECTV thus has no obligation to respond. To the extent a response is required, DIRECTV lacks sufficient knowledge or information as to the truth of the allegations contained in paragraph 16, and therefore denies the same.

17.   DIRECTV lacks sufficient knowledge or information as to the truth of the allegations contained in paragraph 17, and therefore denies the same.

18.   DIRECTV lacks sufficient knowledge or information as to the truth of the allegations contained in paragraph 18, and therefore denies the same.

19.   DIRECTV admits that an individual by the name of Robert Silver with a service address in Philadelphia, Pennsylvania subscribed to DIRECTV service in 2010, and that his programming package included channels carrying live professional baseball games.   DIRECTV lacks sufficient knowledge or information as to Silver's place of residence, and therefore denies the allegation. DIRECTV denies that Silver was charged supra-competitive prices for his services.   The characterization of programming as a "sponsored telecast" represents a legal conclusion to which DIRECTV has no obligation to respond. To the extent a response is required, DIRECTV denies the allegation and any remaining allegations of this paragraph.

20.     DIRECTV lacks sufficient knowledge or information as to the truth of the allegations contained in paragraph 20, and therefore denies the same.

21.     Paragraph 21 contains allegations directed to a Plaintiff whose claims have been dismissed and for which DIRECTV thus has no obligation to respond.  To the extent a response is required, DIRECTV admits that Plaintiff Peter Herman subscribes to DIRECTV, that his service address is 19595 Little John Court in Highland Park, Illinois, and that his service includes certain channels carrying live professional baseball games. The characterization of programming as a "sponsored telecast" represents a legal conclusion to which DIRECTV has no obligation to respond.  To the extent a response is required, DIRECTV denies the allegation.   DIRECTV lacks sufficient knowledge or information as to Herman's place of residence, and therefore denies the allegation and any remaining factual allegations, including the claim that Herman was charged supra-competitive prices for his services.

22.     DIRECTV admits that an individual by the name of Vincent Birbiglia with a service address in Las Vegas, Nevada has, from April, 2009 to the present subscribed to DIRECTV service, and that his programming package includes channels carrying live professional baseball games.  DIRECTV further admits that Birbiglia subscribed to the Extra Innings out of market package through DIRECTV in 2010, 2011 and 2013.  DIRECTV denies that Birbiglia was charged supra-competitive prices for his services.   The characterization of programming as a "sponsored telecast" represents a legal conclusion to which DIRECTV has no obligation to respond.  To the extent a response is required, DIRECTV denies the allegation and any remaining allegations of this paragraph.

**B.      The League Defendants**

23.      DIRECTV lacks sufficient knowledge or information as to the truth of the allegations contained in paragraph 23, and therefore denies the same, except that DIRECTV admits Major League Baseball clubs are members of Major League Baseball.

24.      DIRECTV admits that MLB member clubs may lawfully cooperate for various purposes and that some or all member clubs are separate businesses with separate owners.  DIRECTV lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 24, and therefore denies the same.

25.      DIRECTV lacks sufficient knowledge or information as to the truth of the allegations contained in paragraph 25, and therefore denies the same.

26.      DIRECTV lacks sufficient knowledge or information as to the truth of the allegations contained in paragraph 26, and therefore denies the same.

27.      DIRECTV admits that the Complaint refers to MLB, MLB Enterprises, and MLB Advanced Media collectively as "the MLB Defendants" or "the League."

**C.      The MLB Club Defendants**

28.      DIRECTV admits that the MLB member clubs identified in 28(a)-(i) have been named as defendants.  DIRECTV lacks sufficient knowledge or

information as to truth of the corporate forms and street addresses of the member clubs identified in paragraph 28(a)-(i), and therefore denies the allegations.

**D.    Other MLB Clubs**

29.    DIRECTV admits that the defendants referenced in paragraph 29 are collectively referred to as "the Clubs" or "MLB Club Defendants" in the Complaint.  DIRECTV lacks sufficient knowledge or information as to truth of the corporate forms and citizenship of the member clubs identified in paragraph 29(a)-(u), and therefore denies the allegations.

**E.    The Television Defendants**

30.    DIRECTV admits that its principal place of business is 2230 E. Imperial Highway, El Segundo, California.  DIRECTV denies that it is a Delaware corporation.  DIRECTV admits that it provides satellite television services ("DBS") throughout the United States.

31.    DIRECTV denies the  allegations in paragraph 31.

32.    DIRECTV admits that DIRECTV Sports Net Pittsburgh, LLC, a/k/a Root Sports Pittsburgh, is a Delaware limited liability company that is a regional sports network that presents Pittsburgh Pirates games, defendant DIRECTV Sports Net Rocky Mountain, LLC a/k/a Root Sports Rocky Mountain, is a Delaware limited liability company that is a regional sports network that presents Colorado Rockies games,  and that defendant DIRECTV Sports Net Northwest, LLC a/k/a Root Sports Northwest is a Delaware limited liability company that is a

regional sports network that presents Seattle Mariners games.  DIRECTV admits that the Sports Net entities are wholly-owned subsidiaries of DIRECTV Sports Networks, LLC.  DIRECTV denies the remaining allegations in paragraph 32.

33.    DIRECTV admits only that Comcast or companies affiliated with Comcast own and operate cable systems throughout the United States.  DIRECTV lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 33, and therefore denies the same.

34.    DIRECTV lacks sufficient knowledge or information as to the truth of the allegations contained in paragraph 34, and therefore denies the same.

35.    DIRECTV admits that YES presents New York Yankees games. DIRECTV lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 35, and therefore denies the same.

**F.    Other Relevant Entities**

36.    DIRECTV admits Fox Sports Net, Inc., has a corporate relationship with News Corporation and a number of regional sports networks that telecast MLB games. DIRECTV further admits the allegations in paragraph 36(a)-(n). The remaining allegations in paragraph 36 contain only legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 36, and therefore denies the same.

37.    DIRECTV admits the allegations contained in paragraph 37 (a)-(d).

38.     DIRECTV admits that WGN is a television network that carries certain Chicago White Sox and Chicago Cubs games.  DIRECTV lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 38, and therefore denies the same.

39.     DIRECTV admits that TBS is a television network that carries certain Major League Baseball games.  DIRECTV lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 39, and therefore denies the same.

40.     DIRECTV admits that ESPN is a television network that carries certain Major League Baseball games.  DIRECTV lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 40, and therefore denies the same.

41.     DIRECTV admits that the Fox Broadcasting Company is a television network that carries certain Major League Baseball games.  DIRECTV lacks sufficient knowledge or information as to the truth of the allegations contained in paragraph 41, and therefore denies the same.

### III.
### CLASS ACTION ALLEGATIONS

42.     Paragraph 42 and subparagraphs (a) and (b) contain only legal conclusions to which DIRECTV is not required to respond.

43.     Paragraph 43 contains only legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV lacks

sufficient knowledge or information as to what Plaintiffs may believe and thus denies the allegations of paragraph 43.

44.     Paragraph 44 contains only legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations of paragraph 44.

45.     Paragraph 45 (a)-(k) contains only legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations of paragraph 45.

46.     Paragraph 46 contains allegations about a Plaintiff whose claims have been dismissed and for which DIRECTV therefore has no obligation to respond.  To the extent a response is required, DIRECTV lacks sufficient knowledge or information as to whether Plaintiff Garber was a subscriber to pay television service provided by Comcast, and therefore denies the allegation.  The remaining allegations in paragraph 46 contain only legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations of paragraph 46.

47.     DIRECTV admits that Plaintiff Silver was a subscriber to pay television service provided by DIRECTV, which included channels carrying MLB baseball games.  The characterization of programming as a "sponsored telecast" represents a legal conclusion to which DIRECTV has no obligation to respond.  To the extent a response is required, DIRECTV denies the allegation. The remaining allegations in paragraph 47 contain only legal conclusions to which DIRECTV is not required to respond. To the extent a response is required,

DIRECTV denies the allegations of paragraph 47.

48.     DIRECTV lacks sufficient knowledge and information as to whether Plaintiffs Lerner and Rasmussen were direct purchasers of MLB.TV and therefore denies the allegations.  The remaining allegations in paragraph 48 contain only legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations of paragraph 48.

49.     DIRECTV lacks sufficient knowledge and information as to whether Plaintiff Traub was a subscriber to pay television service provided by Comcast or to MLB Extra Innings, and therefore denies the allegations.  The remaining allegations of paragraph 49 contain only legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV denies the allegations of paragraph 49.

50.     The allegations of paragraph 50 are directed to a Plaintiff whose claims have been dismissed and for which DIRECTV therefore has no obligation to respond.  To the extent a response is required, DIRECTV admits that Plaintiff Peter Herman subscribes to DIRECTV service.  DIRECTV denies that Herman's DIRECTV service is overpriced.  The remaining allegations in paragraph 50 contain only legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations of paragraph 50.

51.     Paragraph 51 contains only legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV lacks sufficient knowledge or information as to the truth of the allegations and therefore

denies the same.

52.     Paragraph 52 contains only legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations of this paragraph.  To the extent a response is required, DIRECTV denies the allegations of paragraph 52.

53.     Paragraph 53 contains only legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations of paragraph 53.

54.     Paragraph 54 contains only legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations of paragraph 54.

55.     Paragraph 55 contains only legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations of this paragraph.

## IV.
## JURISDICTION AND VENUE

56.     Paragraph 56 contains only legal conclusions to which DIRECTV is not required to respond.

57.     Paragraph 57 contains only legal conclusions to which DIRECTV is not required to respond.

58.     Paragraph 58 contains only legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations of paragraph 58.

**V.**
**TRADE AND COMMERCE**

59.     Paragraph 59 contains legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations in paragraph 59.

60.     The allegations of paragraph 60 contain only legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV denies the allegations in paragraph 60.

61.     Paragraph 61 contains only legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV denies the allegations in paragraph 61.

62.     Paragraph 62 contains only legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV denies the allegations in paragraph 62.

63.     Paragraph 63 contains only legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV denies the allegations in paragraph 63.

# VI.
# FACTS

64.     DIRECTV admits that MLB member clubs and clubs of other professional sports leagues may lawfully cooperate for various purposes and that some or all member clubs are separate businesses with separate owners.  The remaining allegations in paragraph 64 contain legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV lacks sufficient knowledge and information as to the truth of the remaining allegations contained in paragraph 64, and therefore denies the same.

65.     DIRECTV states that the agreements between and among Defendants speak for themselves.  The remaining allegations in paragraph 65 contain legal conclusions to which DIRECTV is not required to respond.  To the extent a further response is required, DIRECTV lacks sufficient knowledge or information as to the truth of allegations in paragraph 65, and therefore denies the same.

66.     DIRECTV admits that the Root Sports entities and other RSNs televise MLB games pursuant to contracts entered into with individual MLB clubs.  DIRECTV lacks sufficient knowledge or information as to the truth of remaining allegations of paragraph 66 and therefore denies the same

67.     DIRECTV admits that some baseball games are telecast pursuant to agreements between entities associated with the MLB and national television networks whose programming is broadcast on pay television or over-the-air.  DIRECTV admits that the League owns its own network called MLB Network,

which is carried on certain cable and satellite providers.   The remaining allegations in paragraph 67 are legal conclusions to which DIRECTV is not required to respond.   To the extent a response is required, DIRECTV lacks sufficient knowledge or information as to the truth of the remaining allegations and therefore denies the same.

68.     Paragraph 68 contains legal conclusions to which DIRECTV is not required to respond.   To the extent a response is required, DIRECTV denies the allegations contained in paragraph 68.

69.     Paragraph 69 contains legal conclusions to which DIRECTV is not required to respond.   To the extent a response is required, DIRECTV states that DIRECTV's website speaks for itself.

70.     Paragraph 70 contains only legal conclusions to which DIRECTV is not required to respond.   To the extent a response is required, DIRECTV denies the allegations contained in paragraph 70.

71.     Paragraph 71 contains only legal conclusions to which DIRECTV is not required to respond.   To the extent a response is required, DIRECTV denies the allegations contained in paragraph 71.

72.     Paragraph 72 contains only legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV denies the allegations contained in paragraph 72.

73.     Paragraph 73 contains legal conclusions to which DIRECTV is not

required to respond.  To the extent a response is required, DIRECTV denies the allegations in paragraph 73.

74.     Paragraph 74 contains legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations in paragraph 74.

75.     DIRECTV denies the allegations of paragraph 75.

76.     DIRECTV admits that RSNs enter into agreements with MVPDS. DIRECTV states that the agreements between RSNs and MVPDs speak for themselves.  Paragraph 76 contains legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations contained in paragraph 76.

77.     DIRECTV admits that in certain locations, the outer areas of a team's territory may overlap with another team's or teams' territories, permitting a viewer to watch either team's games if they are available. The remaining allegations in paragraph 77 contain only legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations of paragraph 77.

78.     DIRECTV states that *In re AT&T Servs., Inc.*, FCC 11-168, 2011 WL 5534853, *3 (Nov. 10, 2011) and  *Cablevision Sys. Corp. v. FCC*, 649 F.3d 695, 702 (D.C. Cir. 2011) speak for themselves.  The remaining allegations in paragraph 78 contain legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the remaining

allegations of paragraph 78.

79.     DIRECTV denies the allegations of paragraph 79.

80.     DIRECTV admits that MLB Extra Innings is made available through cable companies and television distributers, including DIRECTV.   DIRECTV admits that MLB.TV is streamed through the internet and is available through an affiliate of MLB. DIRECTV lacks sufficient knowledge or information as to the agreements by and among the member clubs and the League, and therefore denies the allegations in paragraph 80.

81.      DIRECTV lacks sufficient knowledge or information as to the truth of the allegations relating to the definition of "out-of-market" and "in-market" contained in paragraph 81, and therefore denies the same.   The remaining allegations in paragraph 81 contain legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations of paragraph 81.

82.     DIRECTV admits only that MLB.TV is provided over the Internet and is sold directly to the consumer.  DIRECTV lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 82, and therefore denies the same.

83.     DIRECTV admits that certain live games may be subject to telecast restrictions under certain conditions.  DIRECTV lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 83, and therefore denies the same.

84.     DIRECTV admits that Plaintiffs purport to quote the MLB's website, which speaks for itself.   DIRECTV lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 84, and therefore denies the same.

85.     DIRECTV lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 85, and therefore denies the same.

86.     Paragraph 86 contains legal conclusions to which DIRECTV is not required to respond.   To the extent a response is required, DIRECTV denies the allegations contained in paragraph 86.

87.     Paragraph 87 contains legal conclusions to which DIRECTV is not required to respond.   To the extent a response is required, DIRECTV lacks sufficient knowledge or information as to the truth of the allegations contained in paragraph 87, and therefore denies the same.

88.     DIRECTV lacks sufficient knowledge or information as to the agreements by and among the member clubs and the MLB, and therefore denies the allegations in paragraph 88.

89.     DIRECTV lacks sufficient knowledge or information as to the truth of the allegations contained in paragraph 89, and therefore denies the same.

90.     DIRECTV lacks sufficient knowledge or information as to the truth of the allegations contained in paragraph 90, and therefore denies the same.

91.     The allegations concerning competitive effects contained in paragraph 91 are legal conclusions to which DIRECTV is not required to respond. DIRECTV lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 91, and therefore denies the same.

92.     Paragraph 92 contains legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations of paragraph 92.

93.     DIRECTV admits that MLB Extra Innings is available by satellite through DIRECTV and Dish Network, as well as through other cable companies through In Demand.  DIRECTV denies that all customers who order MLB Extra Innings pay a uniform price based on the mix of programming and promotions that are part of their service.   DIRECTV lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 93, and therefore denies the same.

94.     DIRECTV admits that MLB Extra Innings is a package of games and that the league entities that provide this package to MVPDs do not distribute these games through MVPDs on an a la carte basis.  DIRECTV further admits that certain games of local teams are available to customers in the market area of the local team from RSN programming that is purchased and viewable outside the NHL Center Ice package.  DIRECTV admits that it sells the MLB Extra Innings package in accordance with the distribution system of the league.  Except as admitted, DIRECTV denies the allegations of paragraph 94.

95.     DIRECTV admits that the quoted statement appears in papers filed

by MSG in the identified lawsuit.  DIRECTV denies that the packages for the National Hockey League are analogous.  The remaining allegations contained in paragraph 95 contain legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations contained in paragraph 95.

96.    Paragraph 96 contains legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations of paragraph 96.

97.    Paragraph 97 contains legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations contained in paragraph 97.

98.    Paragraph 98 contains legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations contained in paragraph 98.

99.    Paragraph 99 contains legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV denies the allegations contained in paragraph 99.

100.   Paragraph 100 contains legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV denies the allegations contained in paragraph 100.

101.   DIRECTV lacks sufficient knowledge or information as to the truth

of the allegations contained in paragraph 101, and therefore denies the same.

102.    DIRECTV admits that the quoted statement appears in papers filed by MSG in the identified lawsuit.  DIRECTV denies that the limitations at issue in the MSG complaint are analogous to the issues here.  The remaining allegations contained in paragraph 102 contain legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations contained in paragraph 102.

103.    DIRECTV lacks sufficient knowledge or information as to the truth of the allegations contained in paragraph 103, and therefore denies the same.

104.    Paragraph 104 contains legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations contained in paragraph 104.

105.    DIRECTV denies the allegations contained in paragraph 105.

106.    Paragraph 106 includes allegations directed to claims that have been dismissed and thus require no response.  To the extent a response is required, DIRECTV denies the allegations contained in paragraph 106.

107.    DIRECTV denies the allegations contained in paragraph 107.

108.    DIRECTV denies the allegations contained in paragraph 108.

109.    DIRECTV denies the allegations contained in paragraph 109.

110.   DIRECTV denies the allegations contained in paragraph 110.

111.   DIRECTV denies the allegations contained in paragraph 111.

**VII.**
**CLAIMS FOR RELIEF**

**COUNT ONE**

**VIOLATION OF SECTION 1 OF THE SHERMAN ACT**

**On Behalf of the Television Class**

112.   DIRECTV incorporates its responses to all the preceding paragraphs of the Amended Complaint as its response to paragraph 112 as though such responses were fully set forth herein.

113.   Paragraph 113 contains legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations contained in paragraph 113.

114.   Paragraph 114 contains legal conclusions to which DIRECTV is not required to respond.  To the extent a response is required, DIRECTV denies the allegations contained in paragraph 114.

115.   Paragraph 115 contains legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV denies the allegations contained in paragraph 115.

116.    Paragraph 116 contains legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV denies the allegations contained in paragraph 116.

117.    Paragraph 117 contains legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV denies the allegations contained in paragraph 117.

<u>**COUNT  TWO**</u>

**VIOLATION OF SECTION 1 OF THE SHERMAN ACT**

**On Behalf of the Television Class**

118.    DIRECTV incorporates its responses to all the preceding paragraphs of the Amended Complaint as its response to paragraph 118 as though such responses were fully set forth herein.

119.    Paragraph 119 contains legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV denies the allegations contained in paragraph 119.

120.    Paragraph 120 contains legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV denies the allegations contained in paragraph 120.

121.    Paragraph 121 contains legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV denies the allegations contained in paragraph 121.

122.    Paragraph 122 contains legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV denies the allegations contained in paragraph 122.

123.    Paragraph 123 contains legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV denies the allegations contained in paragraph 123.

## COUNT THREE

### VIOLATION OF SECTION 1 OF THE SHERMAN ACT
### On Behalf of the Internet Class

124.    DIRECTV incorporates its responses to all the preceding paragraphs of the Amended Complaint as its response to paragraph 124 as though such responses were fully set forth herein.

125.    Paragraph 125 contains legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV denies the allegations contained in paragraph 125.

126.    Paragraph 126 contains legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV denies the allegations contained in paragraph 126.

127.    Paragraph 127 contains legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV denies the allegations contained in paragraph 127.

128.    Paragraph 128 contains legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV denies the allegations contained in paragraph 128.

129.    Paragraph 129 contains legal conclusions to which DIRECTV is not required to respond. To the extent a response is required, DIRECTV denies the allegations contained in paragraph 129.

## COUNT FOUR

### VIOLATION OF SECTION 2 OF THE SHERMAN ACT

### On Behalf of All Classes

130.    DIRECTV incorporates its responses to all the preceding paragraphs of the Amended Complaint as its response to paragraph 130 as though such responses were fully set forth herein.

131.    This paragraph contains allegations regarding DIRECTV that were dismissed with prejudice and therefore DIRECTV is not required to respond.  To the extent a response is required, Paragraph 131 contains legal conclusions to which DIRECTV is not required to respond and DIRECTV otherwise denies.

132.    This paragraph contains allegations regarding DIRECTV that were dismissed with prejudice and therefore DIRECTV is not required to respond.  To the extent a response is required, Paragraph 132 contains legal conclusions to which DIRECTV is not required to respond and otherwise denies.

133.    This paragraph contains allegations regarding DIRECTV that were

dismissed with prejudice and therefore DIRECTV is not required to respond.  To the extent a response is required, Paragraph 133 contains legal conclusions to which DIRECTV is not required to respond and otherwise denies.

**VIII.**
**PRAYER FOR RELIEF**

A.    DIRECTV denies that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and denies that Plaintiffs (some of whose claims have been dismissed) should be named representatives of their respective classes.

B.    DIRECTV denies that there is any contract, combination or conspiracy, or  the acts done in furtherance thereof by DIRECTV and Defendants, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

C.    DIRECTV denies that it and Defendants have engaged in any actions to acquire and maintain monopoly power in the relevant product market in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

D.    DIRECTV denies that any damages and costs, including attorney's fees, are warranted or should be awarded in this action.

E.    DIRECTV denies that any pre-judgment or post-judgment interest is warranted or should be awarded in this action.

F.    DIRECTV denies that any injunctive relief is warranted or should be granted in this action.

G.      DIRECTV denies that any relief in favor of Plaintiffs is warranted or should be granted in this action.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming a burden of proof that it would not otherwise bear, DIRECTV asserts the following defenses. DIRECTV reserves the right to assert other defenses uncovered through discovery.

### FIRST DEFENSE

The Complaint does not state a plausible claim for relief against DIRECTV.

### SECOND DEFENSE

TV Plaintiffs have agreed to resolve their claims against DIRECTV through individual arbitration and have waived their rights to bring class actions.

### THIRD DEFENSE

Plaintiffs lack Article III standing for some or all of their claims.

### FOURTH DEFENSE

TV Plaintiffs lack antitrust standing because they have suffered no antitrust injury.

### FIFTH DEFENSE

TV Plaintiffs lack standing under *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) and its progeny to sue for antitrust damages.

### SIXTH DEFENSE

TV Plaintiffs lack antitrust standing under *Associated General Contractors of California v. California State Council of Carpenters*, 459 U.S. 519 (1983) to

seek *any* relief.

## SEVENTH DEFENSE

Plaintiffs have not adequately alleged and cannot establish a relevant market limited to the activities described in the Complaint and DIRECTV's conduct did not injure and is not likely to injure competition in any relevant market.

## EIGHTH DEFENSE

DIRECTV, LLC did not participate in any conspiracy.

## NINTH DEFENSE

The DIRECTV RSNs did not participate in any conspiracy.

## TENTH DEFENSE

DIRECTV, LLC lacks market power in any relevant market.

## ELEVENTH DEFENSE

The DIRECTV RSNs lack market power in any relevant market.

## TWELFTH DEFENSE

DIRECTV, LLC's vertical distribution contracts with the League Defendants and the RSNs are pro-competitive and lawful.

## THIRTEENTH DEFENSE

The DIRECTV RSNs' vertical distribution contracts with the League Defendants are pro-competitive and lawful.

## FOURTEENTH DEFENSE

Plaintiffs' alleged damages are speculative and impossible to ascertain or to apportion.

## FIFTEENTH DEFENSE

The applicable statute of limitations bars Plaintiffs' claims in whole or in part.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because they have failed to join indispensable parties.

## SEVENTEENTH DEFENSE

DIRECTV's conduct did not cause any of Plaintiffs' alleged injuries.

## EIGHTEENTH AFFIRMATIVE DEFENSE

DIRECTV's sale of RSN programming, or packages of game telecasts sold to DIRECTV by league entities, in accordance with the leagues distribution system makes hockey programming available to consumers in the only manner DIRECTV is permitted to distribute the products and does not reflect any intent to violate or any violation of any laws.

## NINETEENTH AFFIRMATIVE DEFENSE

DIRECTV RSN's sale of RSN programming to MVPDs in accordance with the leagues distribution system makes hockey programming available to consumers in the only manner DIRECTV RSNs are permitted to distribute the products and does not reflect any intent to violate or any violation of any laws.

## TWENTIETH AFFIRMATIVE DEFENSE

DIRECTV's sale of RSN programming, or packages of game telecasts sold to DIRECTV by league entities, and DIRECTV RSNs sale of RSN programming to MPVDs, conducted in accordance with a distribution system found lawful in *Kingray*, Inc. *v.* NHL Enterprises, Inc., No. 3:00-CY-1544-L (BEN) (S.D. Cal. July 2, 2002), does not reflect any intent to violate or any violation of any laws.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, DIRECTV Defendants hereby demand a trial by jury as to all issues so triable.

Dated: September 25, 2013           Respectfully Submitted,

By:  /s/  Stephanie A. Jones
Louis A. Karasik (Pro hac vice)
Andrew E. Paris (Pro hac vice)
Brian Boone (Pro hac vice)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA  90071
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100

Amber C. Wessels
90 Park Avenue
New York, NY  10016-1387
Telephone:  (212) 210-9400
Facsimile:  (212) 210-9444

31