# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

August 27, 2014

**VIA ECF**

The Honorable Shira A. Scheindlin
United States District Judge
500 Pearl Street
New York, New York 10007-1312

Re:  *Garber v. Office of the Commissioner of Baseball, No. 12-cv-3704 (SAS)*

Your Honor:

We write on behalf of defendant New York Yankees Partnership (the "Yankees") to respectfully request permission to file a motion to certify an interlocutory appeal of the Court's ruling that the baseball antitrust exemption does not entitle the Yankees to summary judgment against plaintiffs' claims. We are available for a pre-motion conference on our request in person or by telephone, if such a conference would be beneficial to the Court.

As the Court is aware, the MLB Defendants, via the Proskauer firm, were granted leave to file their own motion for an interlocutory appeal at the recent status conference. The Yankees hereby seek the Court's permission to file a separate brief of no more than five pages, which we propose to submit by September 3, 2014. We respectfully refer the Court to the MLB Defendants' letter dated August 12, 2014 (Dkt. No. 317) for an explanation of why the Section 1292(b) factors, meriting an interlocutory appeal, are present here.

The Yankees are making this pre-motion request within a reasonable period after the filing of the relevant order, which was docketed on August 8. *See, e.g., Frontier-Kemper Constructors, Inc. v. Am. Rock Salt Co.*, No. 01-CV-6217, 2003 WL 22384797, at *2 (W.D.N.Y. Sep. 4, 2003) (explaining that, under 28 U.S.C. § 1292(b), "there is no specified time after the entry of the order to be appealed within which a party must seek *the district court's* permission to appeal," and that requests must be made within a "reasonable" period) (emphasis in original). Permitting the Yankees to file a five-page brief by September 3 need not delay the existing briefing schedule on the certification issue. Plaintiffs could submit a combined opposition brief by their current September 10 deadline (responding to the MLB Defendants and the Yankees), and the Yankees would submit any reply submission by the September 17 deadline that applies to the MLB Defendants. The Yankees propose to limit any separate reply submission to three pages.

Respectfully Submitted,

*/s/ Jonathan Schiller*

Jonathan D. Schiller

cc: All counsel of record (via ECF)

WWW.BSFLLP.COM