# LANGER GROGAN & DIVER P.C.

ATTORNEYS AT LAW
1717 ARCH STREET
SUITE 4130
PHILADELPHIA, PA 19103
PHONE: 215-320-5660
FAX: 215-320-5703

HOWARD LANGER
JOHN J. GROGAN*
EDWARD A. DIVER
IRV ACKELSBERG
PETER LECKMAN†

JUDAH LABOVITZ
OF COUNSEL

EDWARD A. DIVER
DIRECT DIAL (215) 320-5663
ndiver@langergrogan.com

GEOFFREY C. HAZARD, JR.††
OF COUNSEL

2263 CALIFORNIA STREET
SAN FRANCISCO, CA 94115
415-292-6535
ghazard@langergrogan.com

*ALSO ADMITTED IN NEW JERSEY
†ALSO ADMITTED IN CALIFORNIA
††ADMITTED IN CALIFORNIA ONLY

August 27, 2014

Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  _Garber, et al. v. Office of the Commissioner of Baseball, et al._, 12-cv-3704 (SAS)

Dear Judge Scheindlin:

      We represent the plaintiffs in the above-captioned matter and write in response to Mr. Schiller's letter to the Court concerning the Yankee's desire to separately brief their own motion for interlocutory appeal of the Court's order under 28 U.S.C. § 1292(b).

      There is no reason for the Yankees to file a separate motion with separate briefing on this issue, which they did not separately brief on summary judgment. _See_ Yankees Mot. S.J., Doc. 280 (May 19, 2014) ("As grounds for its motion, NYYP, which is a Major League Baseball club, respectfully refers the Court to the memorandum of law and statement of material facts filed today by the other Major League Baseball club defendants in this action …"). Nor do they now suggest that any antitrust exemption applies to them in any meaningfully different way than it does to the other MLB Defendants, or that they have any separate reasons to justify interlocutory review. To the contrary, once again, they merely refer to the MLB Defendant's pre-motion letter "for an explanation of why the Section 1292(b) factors are present here."

      The MLB Defendants have now moved for interlocutory appeal with a memorandum of law that is twice as long as their summary-judgment briefing on baseball's asserted antitrust exemption. That the Yankees should add to this with another eight pages covering the same ground is unjustifiable.

Honorable Shira A. Scheindlin
August 27, 2014
Page 2

      Nor is it appropriate for the Yankees to delay filing their motion by a week. They were aware of the MLB Defendants' pre-motion letter, and were represented at the Court's pre-motion conference, at which the current schedule was set. Nothing stopped them from joining the other MLB Defendants' motion, or filing their own motion within the prescribed schedule, but they chose not to do so. Under the circumstances, it is not reasonable to have waited until now to propose a motion, nor is it reasonable to request a further delay in the briefing schedule.

      The Yankees' proposed motion should be rejected as untimely and duplicative.

                             Respectfully submitted,

                             Edward A. Diver

EAD/gg
cc: All counsel (via ECF)