UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

FERNANDA GARBER, MARC LERNER,
DEREK RASMUSSEN, and GARRETT
TRAUB, representing themselves and all
other similarly situated,

           **Plaintiffs,**

      - against -

OFFICE OF THE COMMISSIONER OF
BASEBALL, et al.,

          **Defendants.**

------------------------------------------------------- X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: 9/22/14

<u>**OPINION AND ORDER**</u>

**12 Civ. 3704 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.   BACKGROUND

On August 8, 2014, I denied defendants' joint motion for summary

judgment in *Laumann v. National Hockey League* and *Garber v. Major League*

*Baseball*.[1]  I ruled that the Office of the Commissioner of Major League Baseball

and other entities related to Major League Baseball ("MLB Defendants") were not

shielded from antitrust liability by the well-established "baseball exemption."  On

---

[1]     *See Laumann v. National Hockey League, et al.*, No. 12 Civ. 817 and
No. 12 Civ. 3704, 2014 WL 3900566 (S.D.N.Y. Aug. 8, 2014).  For the purposes
of this Opinion, familiarity with the underlying facts is assumed.

August 27, 2014, the MLB Defendants moved to certify an interlocutory appeal on that ruling.  On September 8, 2014, Comcast filed a letter on behalf of all television defendants involved in the *Garber* case ("Television Defendants"), joining the MLB Defendants' motion.[2]  For the reasons set forth below, the motion is DENIED.

## II.   APPLICABLE LAW

### A.   The Baseball Exemption

Because my August 8, 2014 opinion discusses the baseball exemption at length,[3] I summarize it only briefly here. In 1922, in *Federal Baseball Club of Baltimore v. National League of Professional Baseball Clubs,* the Supreme Court held that "the business [of] giving exhibitions of baseball" was not subject to the Sherman Act.[4]  Since then, the exemption has been upheld by the Supreme Court numerous times, most recently in *Flood v. Kuhn*, where it explained that the exemption, despite being "an aberration,"[5] should be modified by "congressional,

---

[2]   *See* Television Defendants' Letter of September 8, 2014 ("TV Def. Let.").

[3]   *See Laumann*, 2014 WL 3900566, at *5-*6.

[4]   259 U.S. 200, 208 (1922).

[5]   407 U.S. 258, 282 (1972)

-2-

and not judicial, action."[6]  In 1998, Congress passed the Curt Flood Act, which

effectively removed employment-related agreements from the baseball exemption.

The Act did not alter the applicability of the antitrust laws to "any conduct, acts,

practices, or agreements other than . . . employment of major league baseball

players."[7]

## B.    Interlocutory Appeals

Interlocutory appeals of district court decisions are governed by

28 U.S.C. § 1292(b).  For an interlocutory appeal to be appropriate, the underlying

order must "(1) involve a controlling question of law (2) over which there is

substantial ground for difference of opinion," and the moving party must also show

that "(3) an immediate appeal would materially advance the ultimate termination of

the litigation."[8]

Interlocutory appeals are presumptively disfavored.  Leave to appeal

is warranted only when the moving party can point to "exceptional circumstances"[9]

sufficient to "justify a departure from the basic policy of postponing appellate

---

6    *Id.* at 285.

7    15 U.S.C. § 26b(b).

8    28 U.S.C. § 1292(b).

9    *Williston v. Eggleston*, 410 F. Supp. 2d 274, 276 (S.D.N.Y. 2006).

-3-

review until after the entry of a final judgment."[10]  Interlocutory appeal "is not intended . . . to provide early review of difficult rulings in hard cases."[11]  Rather, it is appropriate only in "extraordinary cases where appellate review might avoid protracted and expensive litigation," and where it poses no threat of "piecemeal litigation."[12]  Whether an interlocutory appeal is warranted lies squarely within the discretion of the district court.[13]  Indeed, even when the elements of section 1292(b) are satisfied, the district court retains "unfettered discretion" to deny certification.[14]

## IV.   DISCUSSION

Because the applicability of the baseball exemption is indisputably a

---

[10]     *In re Madoff*, No. 08 Civ. 1789, 2010 WL 3260074 (S.D.N.Y. Aug. 6, 2010) (citing *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (quotation marks and citations omitted)).

[11]     *In re Levine*, No. 03 Civ. 7146, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004).

[12]     *In re AroChem Corp.*, 176 F.3d 610, 619 (2d Cir. 1999).  *Accord Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 95 (2d Cir. 1997).

[13]     *See, e.g.*, *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("[D]istrict courts [have] first line discretion to allow interlocutory appeals."); *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003); *DM Rothman Co. v. Cohen Mktg. Int'l, Inc.*, No. 98 Civ. 7905, 2006 WL 2128064, at *1 (S.D.N.Y. July 27, 2006).

[14]     *National Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 162-63 (E.D.N.Y. 1999) (assuming the statutory criteria were met but nonetheless denying certification).

"controlling question of law,"[15] I move directly to the second and third elements of
section 1292(b).

### A.   There Is No "Substantial Ground for Difference of Opinion" Regarding the Baseball Exemption

For an issue to create "substantial ground for difference of opinion,"[16]
more than simple disagreement is required. Rather, the element is satisfied when
"(1) there is conflicting authority on the issue, or (2) the issue is particularly
difficult and of first impression for the Second Circuit."[17]

Neither condition is met here. *First*, the MLB Defendants argue that,
contrary to my August 8, 2014 ruling, "the Supreme Court and all Circuit Courts
cases consistently hold that the exemption applies broadly to the 'business of
baseball,' not just . . . to certain aspects of that business."[18] Accordingly, the MLB
Defendants conclude that substantial ground for difference of opinion exists
because "a trial court" — that is, this Court — "[has] rule[d] in a manner which

---

[15]      Neither side disputes that a successful interlocutory appeal on the
baseball exemption issue would "terminate[] the action as to [the MLB
Defendants]." Defendants' Memorandum in Support of Certification ("Def.
Mem.") at 8.

[16]      28 U.S.C. § 1292(b).

[17]      *Florio v. New York*, No. 06 Civ. 6473, 2008 WL 3068247 (S.D.N.Y.
Aug. 5, 2008), at *1.

[18]      Def. Mem. at 9-10.

appears contrary to the rulings of all Courts of Appeals which have reached the issue."[19] But for the reasons set forth in my August 8, 2014 opinion, I do *not* believe my ruling is contrary to existing law.[20]  That issue has already been decided, and I decline to reopen it here.

      *Second*, the MLB Defendants suggest that "substantial ground for difference of opinion 'may arise where an issue is difficult and of first impression.'"[21]  In other words, even if my August 8, 2014 ruling does not clash with other case law, if it implicates a question on which "the Second Circuit has not spoken,"[22] interlocutory appeal could still be warranted.  But the silence of an appellate court is not enough to satisfy section 1292(b).  If it were, interlocutory appeals would be the norm, not the exception.  Rather, the "difficult and of first impression" language refers to situations in which Second Circuit input could help resolve disagreements among *other* Courts of Appeals.  Because that is not the case here, the MLB Defendants' argument is misplaced.

---

[19]     *Id.* at 10 (internal citations omitted).

[20]     *See Laumann*, 2014 WL 3900566, at *7-*8.

[21]     Def. Mem. at 12 (quoting *Skylon Corp. v. Guilford Mills*, 901 F. Supp. 711, 718 (S.D.N.Y. 1995)).

[22]     *Dinsmore v. Squadron, Ellenoff, Plesent, Sheinfeld & Sorkin*, 945 F. Supp. 84, 87 (S.D.N.Y. 1996).

**B.    Interlocutory Appeal Will Not "Materially Advance the Ultimate Termination of the Litigation"**

Additionally, I am not persuaded that an interlocutory appeal would "materially advance the ultimate termination of the litigation."[23]  The MLB Defendants argue that "reversal by the Second Circuit may obviate the need for a costly and intensely time-consuming trial and, depending on the speed of the appeal, the incurrence of certain pre-trial expenses."[24]  While this is of course possible, the operative phrase is "depending on the speed of the appeal."  It is *also* possible that an interlocutory appeal would delay the onset of trial, which is reason enough to deny certification.[25]

But even if the MLB Defendants are correct — that an interlocutory appeal would more efficiently dispose of the claims against them — the same is not necessarily true of the claims against other defendants.  The relationship between the MLB Defendants' liability and Television Defendants' liability is a complicated and disputed issue.  According to the Television Defendants, allowing

---

[23]    28 U.S.C. § 1292(b).

[24]    Def. Mem. at 13.

[25]    *See In re Oxford Health Plans*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998) ("An immediate appeal is considered to advance the ultimate termination of the litigation if that 'appeal promises to advance the time for trial or to shorten the time required for trial.'") (quoting 16 Charles Alan Wright, et al., Federal Practice and Procedure § 3930 (1996)).

claims to proceed against them, when those same claims were barred against the

MLB Defendants would "effectively defeat [the MLB Defendants'] immunity."[26]

The Television Defendants therefore argue that if the claims against the MLB

Defendants were dismissed, the corresponding claims against the Television

Defendants would also have to be dismissed.

   The Television Defendants' novel theory of intertwined liability

might eventually prevail. But the theory is currently untested,[27] and that by itself

counsels against certification. Under antitrust law, it is simply not clear if the fate

of the Television Defendants overlaps entirely with that of the MLB Defendants.

What *is* clear is that resolving this question — which has not even been fleshed out

in an exchange of premotion letters, much less fully briefed — will require

expending significant judicial resources. If those resources are expended by the

---

[26]  TV Def. Let. at 1.

[27]  Both sets of defendants admit as much. The MLB Defendants admit it
explicitly when they note that the "reversal of the [baseball exemption holding]
with respect to the baseball exemption *may result* in dismissal of the [Television]
Defendants as well," but that it "[d]epend[s] [] on the specifics of any ruling by the
Second Circuit." Def. Mem. at 8 (emphasis added). And the Television
Defendants admit it implicitly by highlighting two "analogous cases" — drawn
from very different factual settings — that they believe bolster their theory. TV
Def. Let. at 1. *See Name.Space, Inc. v. Network Solutions, Inc.*, 202 F.3d 573, 576-
84 (2d Cir. 2000); *Automated Salvage Transp. v. Wheelabrator Envtl. Sys.*, 155
F.3d 59 (2d Cir. 1998). If anything, these analogies underscore the complexity of
the legal question.

Second Circuit during the course of an interlocutory appeal, the result will be "piecemeal" adjudication.[28] If the resources are instead expended by this Court on remand, the result will be further delay of trial. Neither outcome comports with section 1292(b).

### C.    The Scope of the Baseball Exemption Is Not A "Jurisdictional" Question

Finally, the MLB Defendants argue that interlocutory appeal is "especially advisable" because the baseball exemption implicates subject matter jurisdiction.[29] The premise of this argument is misplaced. The scope of the baseball exemption is not a jurisdictional issue. It is a threshold merits issue.

Although they point to numerous opinions that use the word "jurisdiction" in connection with the baseball exemption, the MLB Defendants fail to explain in *what sense* the question is jurisdictional. The closest they come is a sparse citation to *Salerno v. American League of Professional Baseball Clubs*, where, according to the MLB Defendants, the court reasoned that "'[it] lack[ed] jurisdiction of the subject matter' because 'organized baseball does not fall within

---

[28]    *AroChem*, 176 F.3d at 619.

[29]    Def. Mem. at 3.

the scope of the federal antitrust laws.'"[30]

But a court's subject matter jurisdiction does not evaporate every time a federal statute is held not to apply to a particular defendant or class of defendants. A statute like the Sherman Act grants subject matter jurisdiction to federal courts, and from there, federal courts — in the exercise of their jurisdiction — must decide to whom the statute applies. In practice, federal courts often decide (for any number of reasons) that a named defendant is not liable under the relevant statute. It would be illogical, however, to conclude that this decision deprives a federal court of authority to hear the case. Rather, it is because the federal court *does* have authority to hear the case that it may decide to whom the statute applies. As the

---

[30]   *Id.* at 6 (quoting *Salerno v. American League of Prof'l Baseball Clubs*, 310 F. Supp. 729, 731 (S.D.N.Y. 1969), *aff'd*, 429 F.2d 1003 (2d Cir. 1970)). This parsing of *Salerno*'s logic is questionable. The court in *Salerno* actually said:

> Since baseball is exempt from the federal antitrust laws by decision of the United States Supreme Court, *this complaint fails to state a claim against defendant upon which relief can be granted.* Having found that no diversity of citizenship exists under 28 U.S.C. sec. 1332 and having found that organized baseball does not fall within the scope of the federal antitrust laws, this Court lacks jurisdiction of the subject matter.

*Salerno,* 310 F. Supp. at 731 (emphasis added). In fact, then, *Salerno* is ambiguous in its characterization of the baseball exemption. It first describes the exemption as a merits issue, and then, in the next sentence, it re-characterizes the issue as jurisdictional. Whatever the *Salerno* court had in mind, this is hardly the controlling authority that the MLB Defendants make it out to be.

-10-

Supreme Court has explained, subject matter jurisdiction "'in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief — a merits-related determination.'"[31] That is exactly what has occurred here.[32]

## V.   CONCLUSION

For the foregoing reasons, the MLB Defendants' motion to certify for

---

[31]    *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511 (2006) (quoting 2 J. Moore et al., Moore's Federal Practice § 12.30[1] (3d ed. 2005)). *Accord Da Silva v. Kinsho Intern. Corp.*, 229 F.3d 358, 361 (2d Cir. 2000) (noting that courts "often obscure the issue by stating that the court is dismissing 'for lack of jurisdiction' when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim"). This logic also finds support in the distinction drawn by Rule 12 of the Federal Rules of Civil Procedure between (1) dismissal for lack of subject matter jurisdiction and (2) dismissal for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12.

[32]    The MLB Defendants' delay in raising the jurisdictional argument only reinforces the point. This case has been ongoing for two years, and has already involved extensive fact discovery. Yet it is only now, after losing on summary judgment, that the MLB Defendants decided to bring these supposed jurisdictional issues to the Court's attention. When asked at a September 5, 2014 conference why they did not raise the baseball exemption earlier, the MLB Defendants explained that they "thought it best, given the plaintiff's complaint, to be able to present [the baseball exemption argument]" in connection with "the best set of facts," including "plaintiff's expert report." 9/5/14 Transcript of Premotion Conference, at 14-15. This analysis strongly suggests that the baseball exemption presents a merits issue. The application of the exemption is undoubtedly a question of law. But it is a question of law that — as the MLB Defendants acknowledge — depends on facts. The same is not true of subject matter jurisdiction, which concerns the Court's power over the type of controversy *in general*, not on the specific facts of the case.

-11-

immediate appeal is DENIED.  The Clerk of the Court is directed to close this

motion (Dkt. No. 327).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:        September 22, 2014
              New York, New York

-12-

- Appearances -

**For Plaintiffs:**

Edward A. Diver, Esq.
Howard I. Langer, Esq.
Peter E. Leckman, Esq.
Langer Grogan & Diver, P.C.
Three Logan Square, Suite 4130
1717 Arch Street
Philadelphia, Pennsylvania 19103
(215) 320-5663

Kevin M. Costello, Esq.
Gary E. Klein, Esq.
Klein Kavanagh Costello, LLP
85 Merrimac St., 4th Floor
Boston, Massachusetts 02114
(617) 357-5034

Michael Morris Buchman, Esq.
John A. Ioannou, Esq.
Pomerantz Haudek Block Grossman & Gross LLP
600 Third Avenue
New York, New York 10016
(212) 661-1100

Alex Schmidt, Esq.
Mary Jane Fait, Esq.
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, New York 10016
(212) 545-4600

Robert LaRocca, Esq.
Kohn, Swift & Graf, P.C.
One South Broad Street
Suite 2100

-13-

Philadelphia, Pennsylvania 19107
(215) 238-1700

J. Douglas Richards, Esq.
Jeffrey Dubner, Esq.
Cohen, Milstein, Sellers & Toll, PLLC
88 Pine Street
New York, New York 10005
(212) 838-7797

**For Defendants Office of the Commissioner of Baseball, Major League Baseball Enterprises Inc., MLB Advanced Media L.P., MLB Advanced Media, Inc., Athletics Investment Group, LLC, The Baseball Club of Seattle, L.L.P., Chicago White Sox, Ltd., Colorado Rockies Baseball Club, Ltd., The Phillies, Pittsburgh Baseball, Inc., and San Francisco Baseball Associates, L.P.**

Bradley I. Ruskin, Esq.
Carl Clyde Forbes, Esq.
Helene Debra Jaffe, Esq.
Jennifer R. Scullion, Esq.
Robert Davis Forbes, Esq.
Proskauer Rose LLP
11 Times Square
New York, New York 10036
(212) 969-3465

Thomas J. Ostertag, Esq.
Senior Vice President and General Counsel
Office of the Commissioner of Baseball
245 Park Avenue
New York, New York 10167
(212) 931-7855

**For Defendants Comcast Corporation, Comcast SportsNet Philadelphia, L.P., Comcast SportsNet Mid-Atlantic L.P., Comcast SportsNet California, LLC, and Comcast SportsNet Chicago, LLC**

Arthur J. Burke, Esq.
James W. Haldin, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
(212) 450-4000