**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

LLOYD K. GARRISON    (1946-1991)
RANDOLPH E. PAUL    (1946-1956)
SIMON H. RIFKIND    (1950-1995)
LOUIS S. WEISS    (1927-1950)
JOHN F. WHARTON    (1927-1977)

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU, CHAOYANG DISTRICT
BEIJING 100020, PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(202) 223-7340

WRITER'S DIRECT FACSIMILE
(202) 204-7395

WRITER'S DIRECT E-MAIL ADDRESS
bwilkinson@paulweiss.com

PARTNERS RESIDENT IN WASHINGTON
DAVID J. BALL
CRAIG A. BENSON
PATRICK S. CAMPBELL
CHARLES E. DAVIDOW
KENNETH A. GALLO
MARK F. MENDELSOHN
JANE B. O'BRIEN
ALEX YOUNG K. OH
JOSEPH J. SIMONS
ALEXANDRA M. WALSH
BETH A. WILKINSON

PARTNERS NOT RESIDENT IN WASHINGTON
MATTHEW W. ABBOTT*
EDWARD T. ACKERMAN*
ALLAN J. ARFFA
ROBERT A. ATKINS*
JOHN F. BAUGHMAN*
LYNN B. BAYARD*
DANIEL J. BELLER
MITCHELL L. BERG*
MARK S. BERGMAN
BRUCE BIRENBOIM*
H. CHRISTOPHER BOEHNING*
ANGELO BONVINO*
JAMES L. BROCHIN
RICHARD J. BRONSTEIN
DAVID W. BROWN*
SUSANNA M. BUERGEL*
JESSICA S. CAREY*
JEANETTE K. CHAN*
YVONNE Y. F. CHAN*
LEWIS R. CLAYTON
JAY COHEN
KELLEY A. CORNISH*
CHRISTOPHER J. CUMMINGS*
DOUGLAS R. DAVIS*
THOMAS V. DE LA BASTIDE III*
ARIEL J. DECKELBAUM*
ALICE BELISLE EATON*
ANDREW J. EHRLICH*
GREGORY A. EZRING*
LESLIE GORDON FAGEN
MARC FALCONE*
ROSS A. FIELDSTON*
ANDREW C. FINCH
BRAD J. FINKELSTEIN*
BRIAN P. FINNEGAN*
ROBERTO FINZI
PETER E. FISCH*
ROBERT C. FLEDER
MARTIN FLUMENBAUM
ANDREW J. FOLEY*
HARRIS B. FREIDUS*
MANUEL S. FREY*
ANDREW L. GAINES*
MICHAEL E. GERTZMAN*
ADAM M. GIVERTZ*
SALVATORE GOGLIORMELLA*
ROBERT D. GOLDBAUM*
NEIL GOLDMAN*
CATHERINE L. GOODALL*
ERIC GOODISON*
CHARLES H. GOOGE, JR.*
ANDREW G. GORDON*
UDI GROFMAN*
NICHOLAS GROOMBRIDGE*
BRUCE A. GUTENPLAN*
GAINES GWATHMEY, III
ALAN S. HALPERIN*
JUSTIN G. HAMILL*
CLAUDIA HAMMERMAN*
GERARD E. HARPER
BRIAN S. HERMANN*
MICHELE HIRSHMAN*
MICHAEL S. HONG*
DAVID S. HUNTINGTON*
AMRAN HUSSEIN*
LORETTA A. IPPOLITO*
JAREN JANGHORBANI*
BRIAN M. JANSON*
MEREDITH J. KANE*
ROBERTA A. KAPLAN*
BRAD S. KARP*
PATRICK N. KARSNITZ*
JOHN C. KENNEDY*
BRIAN KIM*
ALAN W. KORNBERG
DANIEL J. KRAMER*
DAVID K. LAKHDHIR
STEPHEN P. LAMB*
JOHN E. LANGE
DANIEL J. LEFFELL*
XIAOYU GREG LIU*
JEFFREY D. MARELL*
MARCO V. MASOTTI*
EDWIN S. MAYNARD*
DAVID W. MAYO*
ELIZABETH R. MCCOLM*
WILLIAM B. MICHAEL*
TOBY S. MYERSON*
CATHERINE NYARADY*
BRAD R. OKUN*
KELLEY D. PARKER*
MARC E. PERLMUTTER*
VALERIE E. RADWANER*
CARL L. REISNER
LORIN L. REISNER*
WALTER G. RICCIARDI
WALTER RIEMAN*
RICHARD A. ROSEN
ANDREW N. ROSENBERG*
JACQUELINE P. RUBIN*
RAPHAEL M. RUSSO*
ELIZABETH M. SACKSTEDER*
JEFFREY D. SAFERSTEIN*
JEFFREY B. SAMUELS*
DALE M. SARRO
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER*
ROBERT B. SCHUMER*
JOHN M. SCOTT*
STEPHEN J. SHIMSHAK*
DAVID R. SICULAR*
MOSES SILVERMAN
STEVEN SIMKIN*
AUDRA J. SOLOWAY*
SCOTT M. SONTAG*
TARUN M. STEWART*
ERIC ALAN STONE*
AIDAN SYNNOTT*
ROBYN F. TARNOFSKY*
MONICA K. THURMOND*
DANIEL J. TOAL*
LIZA M. VELAZQUEZ*
MARIA T. VULLO*
LAWRENCE G. WEE*
THEODORE V. WELLS, JR.
STEVEN J. WILLIAMS*
LAWRENCE I. WITDORCHIC*
MARK B. WLAZLO*
JULIA T.M. WOOD
JENNIFER H. WU*
JORDAN E. YARETT*
KAYE N. YOSHINO*
TONG YU*
TRACEY A. ZACCONE*
T. ROBERT ZOCHOWSKI, JR.*

*NOT AN ACTIVE MEMBER OF THE DC BAR

January 30, 2015

Hon. Shira A. Scheindlin
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: *Garber* v. *Office of the Commissioner of Baseball*, No. 12-cv-3704
     *Laumann* v. *National Hockey League*, No. 12-cv-1817

Dear Judge Scheindlin:

   We write on behalf of all Defendants to oppose Plaintiffs' letter to strike the declarations of Jeffrey Krolik, Michael Biard, and Benjamin Jack. Plaintiffs claim that exclusion is warranted pursuant to Rule 37(c), but their arguments fail the Second Circuit's four-factor test. *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006). This Court should deny Plaintiffs' motion.

   *First*, Defendants did adequately disclose Krolik, Biard, and Jack in accordance with Rule 26.[1] Regarding Krolik and Biard, in each version of the Complaint, Plaintiffs listed as "Relevant Entities" 14 regional sports networks (RSNs) owned by Fox Sports Net, Inc. ("FSN"). (*E.g.*, *Garber* Am. Compl. ¶ 35 (Dkt. No. 80).) In their Rule 26 disclosures, the Major League Baseball ("MLB") Defendants expressly advised Plaintiffs that "individuals currently or

---

[1] Plaintiffs' own Rule 26 disclosures offer no greater specificity, but also identified "[c]urrent and former officers[] [or] employees of the Defendants, their parents, affiliates, subsidiaries," etc., a category that would include Krolik, Biard, and Jack (attached as Ex. 1, at 2).

Hon. Shira A. Scheindlin                                                                                              2

formerly affiliated with the other Defendants in this action," including "the *non-defendant networks . . . identified in the Amended Class Action Complaint . . .* are likely to have discoverable information." (Pls.' Ex. B, at 5 (emphasis added).) Thus, Plaintiffs had notice that Defendants might rely on nonparty individuals from such "relevant entities." And, as Plaintiffs concede, Defendants produced hundreds of documents that mention Krolik and/or Biard, yet Plaintiffs failed to investigate further their roles.[2] (1/26/15 P. Leckman Ltr., at 3 n.8.)

Regarding Jack, DIRECTV not only disclosed him, his position, and his responsibilities during the Rule 26 meet-and-confer process, but also designated him in writing as one of 12 "key custodians," and identified him as an individual "most likely to possess relevant discoverable information" "related to the pricing of out-of-market packages"—precisely the subject of his declaration.[3] (2/1/13 A. Paris Ltr., attached as Ex. 2); *see Insignia Sys., Inc.* v. *News Am. Mktg. In-Store, Inc.*, 661 F. Supp. 2d 1039, 1053 (D. Minn. 2009) (party seeking exclusion "should have been aware of the import of [the witness's] testimony" based on the witness being "identified . . . as an individual whose electronically stored information was to be searched").

*Second*, the declarations are not "largely duplicative"[4] (1/26/15 P. Leckman Ltr., at 3), but are highly relevant to the core issues for class certification. Krolik and Biard are senior executives at FSN—the single largest owner of RSNs in the United States. FSN owns RSNs affiliated with 15 of the 30 MLB teams and 12 of 30 National Hockey League ("NHL") teams. As the FSN employees responsible for acquiring sports telecast rights and distributing content, Krolik and Biard offer a unique perspective—that of a nonparty with significant market share in the industry.[5] Their declarations thus provide the Court with valuable evidence about how FSN currently produces and distributes content and, contrary to Dr. Noll's assumptions, how economic incentives would change in Plaintiffs' but-for world ("BFW").

*Third*, Plaintiffs cannot credibly claim that they would suffer prejudice.[6] Plaintiffs took no steps to remedy any alleged prejudice in the 47 days between receipt of the declarations and

---

[2] Contrary to Plaintiffs' assertion, references to Krolik and Biard in the documents are not merely "incidental" (1/26/15 P. Leckman Ltr., at 3 n.8); rather, the documents include distribution and rights agreements *signed by* Krolik and Biard, respectively, in their roles as high-ranking senior executives. (*E.g.*, COM-00047646–763 (Krolik, in his role as Senior Vice President and General Manager of SportsChannel Pacific Associates), *and* DTV-SP0020472–488 (Biard, in his role as Senior Vice President of Affiliate Sales and Marketing for Fox Sports Direct).)

[3] Plaintiffs' assertion that they would have deposed Jack had DIRECTV listed him in its formal Initial Disclosures rings hollow, as Plaintiffs deposed only 2 of the 12 custodians identified in its Rule 26 letter, almost all of whom were included in the 14 individuals identified in DIRECTV's formal Initial and Supplemental Rule 26 disclosures.

[4] Despite making this claim, Plaintiffs did not identify which of the other 10 declarations Defendants submitted on November 12, 2014 the challenged declarations supposedly duplicate.

[5] Even Plaintiffs have attempted to use their own characterizations of RSN rights agreements in support of their positions. (*See, e.g.*, Pls.' Opp. to MSJ, at 46–47, 62–63 (Dkt. No. 301).)

[6] In opposing summary judgment, Plaintiffs raised no similar objections to ESPN and FSN declarations, which also discussed FSN RSNs. Moreover, taking Plaintiffs at their word that the

submission of their reply brief, and they sought neither depositions nor the right to present any contrary evidence. *See ADT Sec. Servs., Inc.* v. *Lisle-Woodridge Fire Prot. Dist.*, 724 F.3d 854, 861 n.3 (7th Cir. 2013) (no "unfair surprise" where party had declaration for "over a month before the hearing"). Regarding Krolik and Biard, during the more than 18 months between filing the Original Complaint in *Garber* and the close of discovery, Plaintiffs (1) knew that at least 14 of the RSNs affiliated with the 30 MLB teams were owned (at least in large part) by FSN[7]; (2) alleged that those same RSNs were "part of the conspiracy" (*Garber* Compl. ¶ 33 (Dkt. No. 1)); and (3) developed theories for the case and for class certification premised on the notion that RSNs would behave radically differently in the BFW. Still, Plaintiffs did not seek discovery from FSN. Plaintiffs' professed surprise at declarations of two FSN employees—simply because Krolik and Biard were not named "*specifically*" (1/26/15 P. Leckman Ltr., at 3)—neither results in prejudice nor justifies preclusion.[8] *See Davis* v. *U.S. Bancorp*, 2003 WL 21730102, at *2 (D. Minn. July 23, 2003), *aff'd*, 383 F.3d 761 (8th Cir. 2004) (denying motion to strike where plaintiff "was aware of [the nondisclosed witness's *employer's*] role"); *see also Davenport* v. *Charter Commc'ns, LLC*, 302 F.R.D. 520, 526–28 (E.D. Mo. 2014).

*Fourth*, Plaintiffs never requested an extension to file their reply brief so that they could depose the declarants, nor have Plaintiffs inquired as to the Court's schedule and the possibility of a continuance of the hearing. This inaction reinforces that there is no prejudice. *Envtl. Equip. & Serv. Co.* v. *Wachovia Bank, N.A.*, 741 F. Supp. 2d 705, 722 (E.D. Pa. 2010) (party "should have attempted to cure the [alleged] prejudice before requesting such an extreme sanction").

In sum, this is not a case where Defendants intentionally "sandbagg[ed]" Plaintiffs, which is what Rule 37 was designed to deter. *Johnson Elec. N. Am., Inc.* v. *Mabuchi Motor Am. Corp.*, 77 F. Supp. 2d 446, 458–59 (S.D.N.Y. 1999). The Court should impose preclusion—"the harshest sanction[]"—"only in rare situations . . . necessary to achieve the purpose of Rule 37." *Update Art, Inc.* v. *Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). This is not that case. Defendants respectfully request that the Court deny Plaintiffs' motion to strike.

                                                 Respectfully,

                                                 Beth A. Wilkinson

cc: All counsel (via ECF)

---

declarations are duplicative, then any alleged failure to disclose the declarants is necessarily harmless. *See BanxCorp* v. *Costco Wholesale Corp.*, 978 F. Supp. 2d 280, 323 (S.D.N.Y. 2013).
[7] Plaintiffs were also on notice prior to the close of discovery that FSN owned "a minority share close to 50 percent" in yet another MLB RSN—defendant Yankees Entertainment and Sports Network ("YES"). (*See* Dolgin Dep. Tr. 19:19–20:16, excerpt attached as Ex. 3; *see also* YES Supp. Rule 7.1 Statement (Dkt. No. 129) (filed Jan. 23, 2013), attached as Ex. 4.)
[8] Krolik and Biard hold positions comparable to other witnesses who were specifically disclosed, but whom Plaintiffs nonetheless declined to depose. For example, DIRECTV identified Stephen Tucker as knowing about its RSN business's "contracts with MVPDs and NHL and MLB member clubs." (Pls.' Ex. C, DIRECTV Rule 26(a) Supp. Initial Disclosure, at 3 ¶ 8.)