Scheindlin, S.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/27/15
```

FERNANDA GARBER, et al., representing themselves and all others similarly situated,

Plaintiffs,

v.

OFFICE OF THE COMMISSIONER OF BASEBALL, et al.,

Defendants.

12-cv-3704 (SAS)
ECF Case

### STIPULATION AND [PROPOSED] ORDER TO DEFER DISPUTES OVER ARBITRATION

WHEREAS, pending before the Court there is an antitrust class action against the Office of the Commissioner of Baseball, nine of its member teams, DIRECTV and certain regional sports networks affiliated with DIRECTV (the "DIRECTV Defendants"), Comcast Corporation and certain regional sports networks affiliated with Comcast Corporation (the "Comcast Defendants"),[1] and Yankees Entertainment & Sports Networks, LLC ("YES");

WHEREAS, on May 14, 2015, the Court certified a class seeking injunctive relief under Federal Rule of Civil Procedure 23(b)(2) but denied certification of a class seeking damages under Federal Rule of Civil Procedure 23(b)(3);

WHEREAS, the Comcast Defendants, the DIRECTV Defendants, and YES filed a petition pursuant to 28 U.S.C. § 1292(e) and Federal Rule of Civil Procedure 23(f) for

---

[1] The "Comcast Defendants" are Comcast Corporation, Comcast SportsNet California, LLC, Comcast SportsNet Chicago, LLC, and Comcast SportsNet Philadelphia, L.P.

permission to appeal the Court's order certifying a class under Federal Rule of Civil Procedure 23(b)(2) (the "Defendants' Rule 23(f) Petition"), and Plaintiffs filed a petition for permission to appeal from the Court's order denying class certification under Federal Rule of Civil Procedure 23(b)(3) (the "Plaintiffs' Rule 23(f) Petition");

WHEREAS, Plaintiffs and the Comcast Defendants have met and conferred to discuss steps to avoid unnecessary motion practice and briefing;

WHEREAS, Plaintiffs and the Comcast Defendants wish to enter into an agreement to defer the Comcast Defendants' motion to compel arbitration and stay claims against absent class members who are subject to arbitration provisions in order to permit orderly consideration of the Rule 23(f) petitions pending before the Second Circuit;

WHEREAS, such agreement between Plaintiffs and the Comcast Defendants to defer the motion to compel arbitration and stay claims against absent class members is intended solely to facilitate an orderly consideration of issues and to avoid potentially unnecessary motion practicing and briefing, and intended to be without prejudice to each party's position on the merits of the possible motion;

THEREFORE, Plaintiffs and the Comcast Defendants agree as follows:

(1) Plaintiffs agree that the Comcast Defendants do not waive any rights to compel arbitration by not bringing a motion to compel arbitration or stay claims against absent class members at the time they file any petitions, motions, or appeals related to class certification or by continuing to participate in the litigation. Plaintiffs also agree not to assert that any motion to compel arbitration or to stay claims against absent class members should be denied because it is untimely (except as provided for below in paragraph (2)) or that Plaintiffs are prejudiced by

their or any parties' participation in the litigation through the time the motion to compel arbitration is filed;

(2) Comcast Defendants may bring any motion to compel arbitration or stay claims against absent class members no later than 30 days after the latest of: (a) any new decision on class certification by the Court issued after a decision by the Second Circuit; (b) any decision issued by the Second Circuit after granting Plaintiffs' and/or Defendants' Rule 23(f) petitions; and (c) a decision from the Second Circuit declining to grant Plaintiffs' and Defendants' Rule 23(f) petitions;

(3) Nothing in this Stipulation is intended or shall be construed as any admission by (a) Plaintiffs that there is any basis for the Comcast Defendants to pursue a motion to compel arbitration or to stay claims against class members, or by (b) Comcast Defendants, that they are not entitled to bring a motion to compel or to stay against class members. Plaintiffs and the Comcast Defendants fully preserve their respective positions on the merits of these issues.

DATED: July 17, 2015

_____
Edward Diver
Howard Langer
Peter Leckman
**LANGER, GROGAN & DIVER, P.C.**
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Telephone: (215) 320-5660
Facsimile: (215) 320-5703

*Attorneys for Plaintiffs*

DATED: July 17, 2015

_____
Arthur J. Burke
David B. Toscano
James W. Haldin
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
arthur.burke@davispolk.com
david.toscano@davispolk.com
james.haldin@davispolk.com

*Attorneys for the Comcast Defendants*

IT IS SO ORDERED.

DATE: 7/27/15

_____
HONORABLE SHIRA A. SCHEINDLIN