UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FERNANDA GARBER, et al., representing themselves and all others similarly situated,

Plaintiffs,

v.

OFFICE OF THE COMMISSIONER OF BASEBALL, et al.,

Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/22/15
```

12-cv-3704 (SAS)
ECF Case

## STIPULATION AND [PROPOSED] ORDER
## TO DEFER DISPUTES OVER ARBITRATION

WHEREAS, pending before the Court there is an antitrust class action against the Office of the Commissioner of Baseball, nine of its member teams, Comcast Corporation and certain regional sports networks affiliated with Comcast Corporation (the "Comcast Defendants"[1]), DIRECTV and certain regional sports networks affiliated with DIRECTV (the "DIRECTV Defendants"[2]), and Yankees Entertainment & Sports Networks, LLC ("YES");

WHEREAS, on May 14, 2015, the Court certified a class seeking injunctive relief under Federal Rule of Civil Procedure 23(b)(2) but denied certification of a class seeking damages under Federal Rule of Civil Procedure 23(b)(3);

---

[1] The "Comcast Defendants" are Comcast Corporation, Comcast SportsNet California, LLC, Comcast SportsNet Chicago, LLC, and Comcast SportsNet Philadelphia, L.P.

[2] The "DIRECTV Defendants" are DIRECTV, LLC, DIRECTV Sports Networks, LLC, DIRECTV Sports Net Pittsburgh, LLC a/k/a Root Sports Pittsburgh, DIRECTV Sports Net Rocky Mountain, LLC a/k/a Root Sports Rocky Mountain, and DIRECTV Sports Net Northwest, LLC a/k/a Root Sports Northwest.

WHEREAS, the Comcast Defendants, the DIRECTV Defendants, and YES filed a petition pursuant to 28 U.S.C. § 1292(e) and Federal Rule of Civil Procedure 23(f) for permission to appeal the Court's order certifying a class under Federal Rule of Civil Procedure 23(b)(2) (the "Defendants' Rule 23(f) Petition"), and Plaintiffs filed a petition for permission to appeal from the Court's order denying class certification under Federal Rule of Civil Procedure 23(b)(3) (the "Plaintiffs' Rule 23(f) Petition");

WHEREAS, Plaintiffs entered into separate stipulations with the Comcast Defendants and the DIRECTV Defendants that were "so ordered" by the Court on July 27, 2015, and August 27, 2015, respectively, to "Defer Disputes Over Arbitration" pending the Second Circuit's consideration of the Rule 23(f) Petitions;

WHEREAS, the Second Circuit denied the Defendants' Rule 23(f) Petition and the Plaintiffs' Rule 23(f) Petition by order dated September 1, 2015;

WHEREAS, Plaintiffs have met and conferred with the Comcast Defendants and the DIRECTV Defendants ("Television Arbitration Defendants") to discuss steps to avoid unnecessary motion practice and briefing;

WHEREAS, Plaintiffs and the Television Arbitration Defendants wish to enter into a stipulation to defer the Television Arbitration Defendants' motions to compel arbitration and to stay claims against absent class members who are subject to arbitration provisions;

WHEREAS, such stipulation between Plaintiffs and the Television Arbitration Defendants to defer the motions to compel arbitration and to stay claims against absent class members is intended solely to avoid potentially unnecessary motion practice and

briefing, and is intended to be without prejudice to each party's position on the merits of the possible motion;

THEREFORE, Plaintiffs and the Television Arbitration Defendants stipulate and agree as follows:

(1) Plaintiffs agree that the Television Arbitration Defendants do not waive any rights to compel arbitration by not bringing motions to compel arbitration or stay claims against absent class members and/or by continuing to participate in the litigation. Plaintiffs also agree not to assert that any motion to compel arbitration or to stay claims against any or all absent class members should be denied because it is untimely (except as provided for below in paragraph (2)) or that Plaintiffs are prejudiced by their or any parties' participation in the litigation through the time the motions to compel arbitration are filed;

(2) Television Arbitration Defendants may bring any motions to compel arbitration or stay claims against absent class members no later than 30 days after any class for damages is certified in the litigation;

(3) Nothing in this Stipulation is intended or shall be construed as any admission by (a) Plaintiffs that there is any basis for the Television Arbitration Defendants to pursue motions to compel arbitration or to stay claims against absent class members, or by (b) Television Arbitration Defendants, that they are not entitled to bring motions to compel or to stay against absent class members.  Plaintiffs and the Television Arbitration Defendants fully preserve their respective positions on the merits of these issues.

DATED: September 18, 2015

_____
Edward Diver
Howard Langer
Peter Leckman
**LANGER, GROGAN & DIVER, P.C.**
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Telephone: (215) 320-5660
Facsimile: (215) 320-5703

*Attorneys for Plaintiffs*

4

DATED: September 11, 2015

        Arthur J. Burke
        David B. Toscano
        James W. Haldin
        **DAVIS POLK & WARDWELL LLP**
        450 Lexington Avenue
        New York, NY 10017
        Telephone: (212) 450-4000
        arthur.burke@davispolk.com
        david.toscano@davispolk.com
        james.haldin@davispolk.com

*Attorneys for the Comcast Defendants*

        Louis A. Karasik
        Andrew E. Paris
        Stephanie A. Jones
        **ALSTON & BIRD LLP**
        333 South Hope Street, 16th Floor
        Los Angeles, California 90071-3004
        (213) 576-1000

*Attorneys for DIRECTV Defendants*

DATED: September 11, 2015

_____
Arthur J. Burke
David B. Toscano
James W. Haldin
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
arthur.burke@davispolk.com
david.toscano@davispolk.com
james.haldin@davispolk.com

*Attorneys for the Comcast Defendants*


_____
Louis A. Karasik
Andrew E. Paris
Stephanie A. Jones
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, California 90071-3004
(213) 576-1000

*Attorneys for DIRECTV Defendants*

IT IS SO ORDERED.

DATE: 9/22/15

_____
HONORABLE SHIRA A. SCHEINDLIN