PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW  WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

BETH A WILKINSON

TELEPHONE (202) 223-7340
FACSIMILE (202) 204-7395

E-MAIL   bwilkinson@paulweiss.com

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
PO BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

September 25, 2015

**By Facsimile and ECF**

Hon. Shira A. Scheindlin
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re: *Garber* v. *Office of the Commissioner of Baseball, 12-cv-3704 (SAS)*

Dear Judge Scheindlin:

      On behalf of the Major League Baseball Defendants[1] ("MLB"), we write in response to the letter to the Court from Howard Langer dated September 22, 2015, concerning supplemental disclosures served by MLB on August 7, 2015 (the "Supplemental Disclosures").

      Plaintiffs mischaracterize the facts concerning the Supplemental Disclosures, as well as MLB's related correspondence with Plaintiffs' counsel. They also misapprehend the rules and law relevant to supplemental disclosures under FRCP 26(e).

      The Supplemental Disclosures added Laurence M. Baer, Michael Biard, Lawrence A. Jones, Jeffrey Krolik, Robert Nutting, and Stuart L. Sternberg (collectively, the "Additional Individuals") to the list of individuals MLB may use to support its defenses. Plaintiffs suggest that, prior to the Supplemental Disclosures, they had no notice that any of the Additional Individuals might have had discoverable information. This is not true. All of the Additional Individuals were made known to Plaintiffs during the discovery period and in Defendants' summary judgment and class certification briefing.[2] Moreover, Plaintiffs acknowledge that

---

[1] Office of the Commissioner of Baseball, Major League Baseball Enterprises, Inc., MLB Advanced Media, L.P., MLB Advanced Media, Inc., Athletics Investment Group LLC, The Baseball Club of Seattle, L.P., Chicago Cubs Baseball Club, LLC, Chicago White Sox, Ltd., Colorado Rockies Baseball Club, Ltd., The Phillies, Pittsburgh Baseball, Inc., and San Francisco Baseball Associates, L.P.

[2] A declaration from Mr. Jones was filed sixteen months ago in support of Defendants' Motion for Summary Judgment, and declarations from Messrs. Biard and Krolik were filed nine months

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Shira A. Scheindlin                                                                                                   2

Messrs. Baer and Nutting were custodians of documents produced in this matter years ago. (Pls.' Ltr. at 2 n.1). And each Additional Individual is referred to in hundreds of documents produced to Plaintiffs. MLB also expressly stated in their initial disclosures that individuals it may use to support its defenses include (i) "individuals affiliated" with "MLB clubs named as defendants" (a category that includes Messrs. Baer and Nutting), (ii) "individuals currently or formerly affiliated with non-defendant MLB member clubs" (a category that includes Mr. Sternberg), and (iii) individuals affiliated with "non-defendant networks and distributors identified in the Amended Class Action Complaint" (a category that includes Messrs. Biard, Jones, and Krolik). (MLB's Initial Discl. at 5.)

Plaintiffs also acknowledge that the Additional Individuals "are executives and league and club officials," which are "categories [of witnesses] from whom discovery was taken" after MLB served its initial disclosures. (Pls.' Ltr. at 3.) Plaintiffs indicated in their initial disclosures that they might obtain discoverable information from categories of witnesses plainly encompassing the Additional Individuals. (*See* Pls.' Initial Discl. at 2.) Indeed, in their original Complaint, Plaintiffs named the San Francisco Giants and Pittsburgh Pirates as Defendants; identified "Other MLB Clubs," including the Tampa Bay Rays; and listed Fox Broadcasting Company and Fox Sports Net as "Other Relevant Entities." (Compl. (ECF Dkt. 1) ¶¶ 26(s), 33, 38.) Plaintiffs thus cannot reasonably claim they were not previously on notice that employees of the Fox Networks and executives of MLB or non-defendant MLB clubs might have discoverable information.

Plaintiffs also unfairly suggest they have not received any documents from Mr. Sternberg, asserting that MLB "never placed [Mr. Sternberg] on a litigation hold," "offered no assurances that relevant documents were not destroyed," and "claim[ ] that Mr. Sternberg has *no* relevant documents."[3] (Pls.' Ltr. at 1–2, 3.) To the contrary, counsel for MLB informed Plaintiffs' counsel in a letter, dated September 2, 2015, that MLB had requested that Mr. Sternberg (who is not a defendant or affiliated with a defendant club) retain his documents, and in a letter dated September 18, informed Plaintiffs' counsel that "Mr. Sternberg does not have in his possession or custody documents responsive to applicable requests *that have not already been produced by the MLB Defendants in this litigation*" (emphasis added).[4]

The Supplemental Disclosures were timely served under the Federal Rules and do not unduly prejudice or harm Plaintiffs. Rule 26(e) requires parties to supplement their initial disclosures "in a timely manner."[5] And the Rules obligate a party to supplement its disclosures

---

ago in opposition to Plaintiffs' Motion for Class Certification. Plaintiffs acknowledge they asked the Court—unsuccessfully—to strike the declarations from Messrs. Biard and Krolik in January 2015. (Pls.' Ltr. at 3 n.5; *see also* 1/26/2015 P. Leckman Ltr. to the Court (ECF Dkt. 389).)
[3] Plaintiffs also assert without support that "documents appear to have been lost." (Pls' Ltr. at 2.) This assertion has no basis in fact.
[4] Plaintiffs contradict themselves. Despite suggesting that they have received no documents concerning Mr. Sternberg, Plaintiffs admit that the MLB Defendants have produced documents concerning Mr. Sternberg. (*See* Pls.' Ltr. at 3 n.3.)
[5] MLB expressly reserved the right to supplement their initial disclosures at any time. (MLB's Initial Discl. ¶ 2.) Plaintiffs likewise reserved that right in their initial disclosures, noting that

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Shira A. Scheindlin                                                                                                          3

"when it determines that it may use a witness or document that it did not previously intend to use."[6] MLB did just that: it identified the Additional Individuals in the Supplemental Disclosures as soon as practicable after determining that it may use them as witnesses.[7]

Plaintiffs request exclusion of evidence from the Additional Individuals under Rule 37(c). (*See* Pls.' Ltr. at 1, 3.) But "Rule 37(c) does not apply to evidence disclosed via supplemental disclosures." *Naylor v. Rotech Healthcare, Inc.*, No. 1:08-CV-95, 2009 WL 5206005, at *2 (D. Vt. Dec. 23, 2009). Rather, Rule 37(c) applies only where "a party fails to . . . identify a witness as required by Rule 26(a) *or (e)*." Fed. R. Civ. P. 37(c) (emphasis added). Because MLB disclosed the Additional Individuals as required by Rule 26(e), evidence from the Additional Individuals cannot be excluded under Rule 37(c). "[T]he Second Circuit has warned that '[t]he refusal to allow [a witness] to testify' is 'an extreme sanction in any case,' and one which may have 'an excessively harsh effect.'" *A.T. Kerney, Inc. v. Global Crossing Telecmmc'ns, Inc.*, No. 11 Civ. 5035, 2013 WL 4838819, at *2 (S.D.N.Y. Sept. 11, 2013) (citation omitted).

Plaintiffs claim that the Supplemental Disclosures are "highly prejudicial" and that allowing evidence from the Additional Individuals would be "unfair" and "will upend the Court's schedule and extend the litigation." (Pls.' Ltr. at 1, 2.) But the Supplemental Disclosures are not disruptive of the schedule given that they were served more than four months before the deadline for Plaintiffs to request permission to move for summary judgment, and given that a trial date has not been set. Plaintiffs have ample time to address the Supplemental Disclosures and to respond to any evidence that the Additional Individuals may have. Indeed, counsel for MLB and the Yankees Entertainment & Sports Network, LLC are prepared to make the Additional Individuals available for deposition. The Court therefore should deny Plaintiffs' request to preclude Defendants from relying on evidence from the Additional Individuals.

Sincerely,

*Beth A. Wilkinson/NW*

Beth A. Wilkinson

cc:    All counsel (via ECF)

---

"continuing investigation and discovery may bring new or different information to light." (Pls.' Initial Discl. at 1.)
[6] Fed. R. Civ. P. 26(a)(1)(A)(i) advisory committee's note, 2000 Amendment.
[7] Plaintiffs complain that MLB did not identify the Additional Individuals during a conference to schedule the exchange of expert reports. But MLB had not by that time determined that they might rely on the Additional Individuals as witnesses, and thus was not under an obligation at that time to identify them.