# LANGER GROGAN & DIVER P.C.

ATTORNEYS AT LAW

HOWARD LANGER
JOHN J. GROGAN*
EDWARD A. DIVER
IRV ACKELSBERG
PETER LECKMAN†

EDWARD A. DIVER
DIRECT DIAL (215) 320-5663
ndiver@langergrogan.com

1717 ARCH STREET
SUITE 4130
PHILADELPHIA, PA 19103

PHONE: 215-320-5660
FAX: 215-320-5703

GEOFFREY C. HAZARD, JR.††
OF COUNSEL

2263 CALIFORNIA STREET
SAN FRANCISCO, CA 94115
415-292-6535
ghazard@langergrogan.com

*ALSO ADMITTED IN NEW JERSEY
†ALSO ADMITTED IN CALIFORNIA
††ADMITTED IN CALIFORNIA ONLY

October 14, 2015

Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Garber, et al. v. Office of the Commissioner of Baseball, et al.*, 12-cv-3704 (SAS)

Dear Judge Scheindlin:

I write concerning a dispute between the parties with respect to the deposition of MLB Commissioner Robert Manfred. At the time discovery was conducted, MLB's commissioner was Allan "Bud" Selig, whom plaintiffs deposed during the discovery period. Earlier this year, Mr. Selig retired and was replaced by Mr. Manfred.

As the Court is aware, MLB recently revised its Rule 26 disclosures. Originally, it had identified just one topic for which Mr. Manfred (then an executive vice president of MLB) had discoverable information that MLB might use: "the efforts by MLB to achieve competitive balance among MLB member clubs, including through sharing of media revenues." MLB now indicates that they intend to use him much more broadly, to testify about "the process for forming and changing the rules" and "the procompetitive effects of the MLB broadcast rules and territories," the latter of which is potentially a very broad category, depending on which of the league's purported procompetitive effects he would address. (Attached is a redline comparison of the relevant portions of MLB's initial disclosures against their supplemental disclosures.)

Plaintiffs have not opposed the use of Commissioner Manfred as a trial witness, but if he is to address these additional topics, then plaintiffs should have the opportunity to depose him. That approach is not only fair, it is consistent with Your Honor's ruling with respect to the other changes to the disclosures that have been permitted; namely, the inclusion of Messrs. Baer and Nutting as witnesses. Like those witnesses, Mr. Manfred's documents were searched and produced in discovery, but MLB has made a change to his role in the litigation as part of their strategy for trial. Like Messrs. Baer and Nutting, plaintiffs should have the opportunity to depose Commissioner Manfred in light of these changes.

Honorable Shira A. Scheindlin
October 14, 2015
Page 2

Defendants have refused to produce Commissioner Manfred prior to trial, complaining that plaintiffs should have requested his deposition earlier. Strikingly, they do not—because they cannot—claim any prejudice. Obviously, if the Commissioner is prepared to testify at trial voluntarily, then it is no significant burden for him to sit for a deposition. Nor is there any burden with respect to scheduling. Plaintiffs have already indicated that they will not require Mr. Manfred to appear before the conclusion of baseball's postseason. Indeed, had Plaintiffs requested Mr. Manfred's deposition sooner, Defendants would undoubtedly have insisted that any deposition occur after the World Series; they made similar requests during the main depositions, and Plaintiffs agreed to take all baseball executives' depositions in the offseason.

Defendants suggest the plaintiffs ought to have deposed Mr. Manfred during the discovery period, but that argument is frivolous. Plaintiffs had no way of knowing during discovery that Mr. Manfred would be appointed Commissioner a year later. Much less could plaintiffs have known that the defendants would subsequently enlarge the topics on which he might testify. Even if plaintiffs had taken Mr. Manfred's deposition in 2013, they would be entitled to reopen the deposition to address the newly disclosed subjects.

Defendants complain that the plaintiffs recently opposed the reopening of discovery and therefore should not be able to take additional discovery. But the fact is the defendants have succeeded in reopening discovery through their supplemental disclosures to account for a changed trial strategy. Plaintiffs are simply asking that Commissioner Manfred be treated the same as the other witnesses whose status was changed. To the extent the changes to the league's disclosures are permitted, the plaintiffs should have an opportunity to depose witnesses concerning those changes.

It appears that MLB is seeking a litigation advantage by preventing a deposition of a witness whose role will be far different from what MLB originally disclosed. That is not an appropriate basis for refusing to produce a witness for deposition. Plaintiffs respectfully request that the Court require that Mr. Manfred be produced for deposition. If MLB refuses to produce him, then his testimony should be confined to the topic listed in the league's initial disclosures.

Respectfully,

Edward Diver

enclosure
cc: All counsel (via ECF)

| ~~Rob~~**Robert D.** Manfred | ~~Executive Vice President, Economics and League Affairs~~**Commissioner of Baseball**, MLB (relevant aspects of**:** **(i)** the efforts by MLB to achieve competitive balance among MLB member clubs, including through sharing of media revenues~~)~~**; (ii) the process for forming and changing rules; and (iii) the procompetitive effects of the MLB broadcast rules and territories)**. |
|---|---|
| Bart Manning | Vice President, Consumer Paid Content, MLB Advanced Media, L.P. (relevant aspects of: (i) MLB.tv and (ii) the sports and entertainment market and efforts by the MLB Defendants to remain competitive with other participants in that market**)**. |
| Bernadette McDonald | ~~Vice President, Broadcast Operations,~~ **Senior Vice President, Broadcasting,** MLB (relevant aspects of: (i) the structure of broadcast rights for MLB games; (ii) the means by which MLB games are made available for broadcast; and (iii) MLB broadcast rules). |
| **Robert Nutting** | **Principal Owner and Chairman of the Board, Pittsburgh Pirates (relevant aspects of: (i) negotiating television rights agreements; (ii) procompetititve effects of the MLB broadcast rules and territories; and (iii) effect of enjoining MLB broadcast rules and territories on small-market teams).** |
| Jacqueline Parkes | Chief Marketing Officer, MLB (relevant aspects of the sports and entertainment market and efforts by the MLB Defendants to remain competitive with other participants in that market). |
| **Stuart L. Sternberg** | **Principal Owner, Tampa Bay Rays (relevant aspects of: (i) negotiating television rights agreements; (ii) procompetititve effects of the MLB broadcast rules and territories; and (iii) effect of enjoining MLB broadcast rules and territories on small-market teams).** |