UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# NOTICE TO PERSONS WHO PURCHASED MLB EXTRA INNINGS FROM COMCAST OR DIRECTV OR PURCHASED MLB.TV

## You Have an Opportunity to Subscribe to Discounted Individual Team Packages through MLB.TV and Other New Online Products

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A proposed settlement (the "Settlement") has been reached in a class action lawsuit brought on behalf of consumers who purchased MLB.TV or purchased MLB Extra Innings from Comcast or DIRECTV between May 9, 2008, and January 18, 2016. The proposed settlement is between the individuals who brought that lawsuit and the defendants. The defendants are the Office of the Commissioner of Baseball ("MLB"), Major League Baseball Properties Inc., as successor by merger to Major League Baseball Enterprises Inc., MLB Advanced Media L.P., MLB Advanced Media, Inc., Athletics Investment Group, LLC, the Baseball Club of Seattle, L.L.L.P., Chicago Cubs Baseball Club, LLC, Chicago White Sox, Ltd., Colorado Rockies Baseball Club, Ltd., The Phillies, Pittsburgh Baseball, Inc., San Francisco Baseball Associates, LLC, New York Yankees Partnership, Yankees Entertainment and Sports Network, LLC, Comcast Corporation, Comcast SportsNet California, LLC, Comcast SportsNet Chicago, LLC, Comcast SportsNet Philadelphia, L.P., DIRECTV, LLC, DIRECTV Sports Networks, LLC, DIRECTV Sports Net Pittsburgh, LLC (d/b/a Root Sports Pittsburgh), DIRECTV Sports Net Rocky Mountain, LLC (d/b/a Root Sports Rocky Mountain), and DIRECTV Sports Net Northwest, LLC (d/b/a Root Sports Northwest). The lawsuit alleges that MLB's rules establishing local broadcast territories violated federal antitrust laws. The defendants deny any wrongdoing or liability. If you purchased MLB Extra Innings from Comcast or DIRECTV or purchased MLB.TV between May 9, 2008 and January 18, 2016, **your legal rights are affected whether you act or do not act. Please read this notice carefully.**

- The lawsuit alleges that the territorial allocation of broadcast rights within MLB assigned to each of its member clubs and thereafter sold to regional sporting networks violated federal antitrust laws, provides out-of-market consumers with fewer choices, and inflates prices charged to view broadcasts of live professional baseball games. Defendants dispute Plaintiffs' factual and legal claims and deny any wrongdoing and liability, as well as any adverse effect on consumer choices and that prices charged have been inflated. The parties have concluded that it is in their best interests to settle the litigation to avoid the expense, inconvenience, and uncertainty of litigation.

- In May 2015, the Court granted in part and denied in part Plaintiffs' motion for class certification. The court held that the individuals who filed this suit could represent a class for the purposes of seeking injunctive relief, but not damages.

- Under the Settlement and subject to MLB's continued delineation of its clubs' local broadcast territorial rights and associated blackout practices, MLB has agreed to reduce prices through the 2020 season and provide several new products. Comcast and DIRECTV have also agreed to reduce prices for the 2016 and 2017 seasons.

- **Price Relief**

  - MLB will lower the price of MLB.TV to $109.99 for 2016 (from the 2015 price of $129.99). MLB will be prohibited from increasing the price by more than 3% (or the federal Cost of Living Adjustment ("COLA"), if higher) per year through 2020.

  - For the 2016 and 2017 MLB seasons, Comcast and DIRECTV will provide the full season MLB Extra Innings product at a 12.5% discount from the 2015 price.

- **Increased Availability**

  - <u>Single-Team Packages</u>: MLB will offer packages of single teams' out-of-market games through MLB.TV (*for example*, a stream of just the Kansas City Royals' games for out-of-market subscribers). This product will cost $84.99 for a full season in 2016, with MLB allowed to raise the price by no more than 3% (or COLA, if higher) for each of the next four years.  MLB has also agreed to make this option available to Comcast and DIRECTV so that they may offer seasonal packages of single team games for each and every MLB Club available through MLB Extra Innings, although Comcast and DIRECTV are not obligated to offer such packages.

  - <u>Follow Your Team</u>: MLB will allow all MLB.TV purchasers who subscribe to Comcast, DIRECTV, or certain other cable, satellite or other providers to purchase a "Follow Your Team" option that will allow them to receive  telecasts of their favorite out-of-market team's broadcaster without any blackouts—even when it is playing an in-market team, so long as the purchaser receives the in-market team's programming through his or her television service. This product will cost no more than $10 more than a standard MLB.TV package, which will raise the overall price of the MLB.TV package to $119.99 for a full season in 2016 for consumers selecting this enhancement.

  - <u>In-Market Streaming</u>: MLB will seek to reach agreements with Comcast, Root Sports, and Fox regional sports networks to offer live in-market streaming of their telecasts.  If in-market streaming is not available for all of the teams whose games are broadcast by those networks by 2017, MLB will be prohibited from increasing prices for any of the above MLB.TV products through 2020.

  - <u>Unserved Fans</u>: MLB will offer live streaming of any in-market team's telecasts produced by Comcast, Root Sports, or Fox regional sports networks to any customer who is unable to obtain multi-channel video provider distributor service or virtual multi-channel video provider distributor service at his or her residence.

- The Court in charge of this case still needs to decide whether or not to approve the Settlement.  If the Court approves the Settlement, and after any appeals are resolved, the benefits will be provided automatically to class members.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Automatic Benefits** | You do NOT need to submit a claim form to obtain these benefits. They will be provided automatically. |
| **Exclude Yourself by XXX** | You may exclude yourself from the Settlement in the case and retain your rights to commence a lawsuit against Defendants for damages caused by the conduct challenged in this case. Because the Court certified an injunctive class only and Defendants have agreed to change the ways in which the packages are sold to all consumers as part of this Settlement, you cannot opt out of the injunctive claims. |
| **Object by XXX** | Submit a written statement to the Court about why you don't like the Settlement.  If you submit an objection, you may also ask to be heard by the Court at the final Fairness Hearing. |
| **Go to Fairness Hearing** | You may attend the fairness hearing on XXX, whether or not you object or intend to speak. |
| **Do Nothing** | You will receive the full benefits of the Settlement, and will give up your rights to initiate any lawsuit against Defendants regarding the MLB's territorial broadcast limitations on its clubs and related blackout practices, including a lawsuit for alternative or additional relief to that provided here. |

**\*\*These rights and options – and the deadlines to exercise them – are explained in this notice. \*\***

| WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION…………………………………………………………………………….. 4

    1.  Why is this Notice being provided?

    2.  What is this lawsuit about?

    3.  Why is this a Class Action?

    4.  Why is there a settlement?

WHO IS IN INCLUDED IN THE SETTLEMENT………………………………………………... 5

    5.  How do I know if I am part of the Settlement?

    6.  Are there exceptions to being included in the Settlement?

THE SETTLEMENT – WHAT YOU GET AND GIVE UP IF YOU QUALIFY………………………………………... 5

    7.  What does the Settlement provide?

    8.  What do I give up if the Settlement is given final approval?

EXCLUDING YOURSELF FROM THE DAMAGES RELEASE  ………………………………… 6

    9.  If I do not exclude myself, can I sue later?

    10.  How do I exclude myself from the damages release?

    11.  How can I tell the Court that I object to  the Settlement?

12. What happens if I object and the Settlement is approved?

13. What is the difference between objecting and asking to be excluded?

THE LAWYERS WHO REPRESENT YOU……………………………………………………………… 8

14. Do I have a lawyer in the case?

15. How will the lawyers in the case be paid?

THE COURT'S FAIRNESS
HEARING…………………………………………………………………… 8

16. How will the Court decide whether to approve the Settlement?

17. When and where will the Court decide whether to approve the Settlement?

18. Do I need to come to the hearing?

19. May I speak at the hearing?

OTHER INFORMATION……………………………………………………………………… 9

20. How do I get more information?

# BASIC INFORMATION

| 1.   Why is this Notice being provided? |
| --- |

Judge Shira Scheindlin of the United States District Court for the Southern District of New York authorized this notice to inform you about a proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to approve the Settlement.  This notice explains the lawsuit, the Settlement, and your legal rights.

The case is known as *Garber v. Office of the Commissioner of Baseball*, Case No. 12-cv-3704, which was filed in 2012.  The people who sue are called "Plaintiffs."  The companies being sued (specified on page 1 of this notice) are collectively called the "Defendants."

This notice summarizes the Settlement, but you can view the complete Settlement Agreement at www.MLBBroadcastingSettlement.com.

| 2.   What is this lawsuit about? |
| --- |

Plaintiffs allege that Defendants violated federal law by agreeing to allocate the country into territories and prohibit any MLB team from distributing broadcasts outside its specified territory.  Plaintiffs claim that this caused inflated prices for live baseball broadcasts and limited consumer options for viewing baseball broadcasts.  Defendants deny Plaintiffs' allegations, deny any wrongdoing, and contend that the challenged rules increased the quality and availability of MLB programming, and increased consumer choice at reasonable prices, as well as providing other benefits.

| 3.   Why is this a Class Action? |
| --- |

In a class action, one or more people sue on behalf of other people who have similar claims.  If allowed by a court, all of these other people become part of a "class" or "Class Members."  One lawsuit resolves the claims of all Class Members, except for any who exclude themselves from the class.  In this case, the Court held that the individuals who filed this suit could represent a class for the purposes of seeking practice changes and a declaration that Defendants' conduct is illegal, but could not pursue damages claims on behalf of the class.

| 4.   Why is there a Settlement? |
| --- |

The Court did not decide in favor of Plaintiffs or Defendants.  Instead, both sides agreed to settle this case to avoid the burden, cost and risk of further litigation.  The Settlement does not mean that any law was broken or that Defendants did anything wrong.  By settling, Defendants are not admitting any wrongdoing or liability.  Defendants continue to deny all factual and legal claims in this case.  Plaintiffs and their lawyers think the Settlement is best for all Class Members.

# WHO IS INCLUDED IN THE SETTLEMENT

| 5.   How do I know if I am part of the Settlement? |
| --- |

The Settlement includes all purchasers of MLB.TV and individuals who purchased MLB Extra Innings through either Comcast or DIRECTV between May 9, 2008 and January 18, 2016. The class is defined as follows:

> All individuals in the United States who purchased television service from DIRECTV and/or Comcast, or their subsidiaries, which included MLB Extra Innings, and/or who purchased MLB.TV from Major League Baseball or its subsidiaries or affiliates.

| 6.   Are there exceptions to being included in the Settlement? |
| --- |

Yes.  The following are not included in the Settlement:

- Officers, directors, or employees of any of the Defendants or any entity in which any of the Defendants have a controlling interest, and the affiliates, legal representatives, attorneys, heirs, or assigns of any of the Defendants; and

- Judge Shira Scheindlin and members of her judicial staff of the United States District Court for the Southern District of New York, and members of their immediate families.

# THE SETTLEMENT – WHAT YOU GET AND GIVE UP IF YOU QUALIFY

| 7.   What does the Settlement provide? |
| --- |

- **Price Relief**

  - MLB will lower the price of MLB.TV to $109.99 for 2016 (from the 2015 price of $129.99). MLB will be prohibited from increasing the price by more than 3% (or the federal COLA, if higher) per year through 2020.

  - For the 2016 and 2017 MLB seasons, Comcast and DIRECTV will provide the full season MLB Extra Innings product at a 12.5% discount from the 2015 price.

- **Increased Availability**

  - Single-Team Packages: MLB will offer packages of single teams' out-of-market games through MLB.TV (*for example*, a stream of just the Kansas City Royals' games for out-of-market subscribers). This product will cost $84.99 for a full season in 2016, with MLB allowed to raise the price by no more than 3% (or COLA, if higher) for each of the next four years.  MLB has also agreed to make this option available to Comcast and DIRECTV so that they may offer unbundled seasonal packages of single team games for each and every MLB Club available

through MLB Extra Innings, although Comcast and DIRECTV are not obligated to offer such packages.

- <u>Follow Your Team</u>: MLB will allow all MLB.TV purchasers who subscribe to Comcast, DIRECTV, or certain other cable, satellite or other providers to purchase a "Follow Your Team" option that will allow them to receive telecasts of their favorite out-of-market team's broadcaster without any blackouts—even when it is playing an in-market team, so long as the purchaser receives the in-market team's programming through his or her television service. This product will cost no more than $10, which will raise the overall price of the MLB.TV package to $119.99 for a full season in 2016 for consumers selecting this enhancement.

- <u>In-Market Streaming</u>: MLB will seek to reach agreements with Comcast, Root Sports, and Fox regional sports networks to offer in-market streaming of their live baseball telecasts.  If in-market streaming is not available for all of the teams whose games are broadcast by those networks by 2017, MLB will be prohibited from increasing prices for any of the above MLB.TV products through 2020.

- <u>Unserved Fans</u>: MLB will offer live streaming of any in-market team's telecasts produced by Comcast, Root Sports, or 21st Century Fox to any customer who is unable to obtain multi-channel video provider distributor service or virtual multi-channel video provider distributor service at his or her residence.

## 8.  What do I give up if the Settlement is given Final Approval?

If the Settlement is given Final Approval, you and all other Class Members will release certain claims defined in the Settlement as "Released Claims."  In general terms, Class Members who do not validly request to be excluded from the Settlement will release all Defendants from any claims that have been or could have been asserted based upon the facts alleged in the complaint, including claims for money damages. In addition, for the next five years you will release any claims based on the conduct permitted by the Settlement.  If the Settlement is given Final Approval, the claims that were asserted against Defendants in the lawsuit will be dismissed with prejudice.

# EXCLUDING YOURSELF FROM THE DAMAGES RELEASE

If you want to keep any right to seek monetary damages from Defendants for the dispute in this case, then you must take steps to exclude yourself from that portion of the Settlement. Because Defendants have agreed to change the ways in which the packages are sold to all consumers, excluding yourself only would allow you to pursue monetary claims.  You will not be able to pursue additional injunctive relief.

## 9.  If I do not exclude myself, can I sue later?

No.  Unless you exclude yourself from the damages release, you give up the right to sue Defendants for any claims that this Settlement resolves.

| **10. How do I exclude myself from the damages release?** |
|---|

To exclude yourself from the damages release, you must either do so by following the instructions at the Settlement website, www.MLBBroadcastingSettlement.com, or by sending a letter by mail clearly stating that you want to be excluded from the Settlement in *Garber v. Office of the Commissioner of Baseball*, Case No. 12-cv-3704.  Include your name, address, telephone number, signature, and date, and mail your request for exclusion to:

*Garber v. Office of the Commissioner of Baseball*
c/o Heffler Claims Group
Po Box 58547
Philadelphia, PA 19102-8547

All requests must be completed or postmarked by XXX.

If you do not follow these procedures, you will lose any opportunity to exclude yourself from the Settlement for all claims, including claims for past damages.

| **11. How can I tell the Court that I object to the Settlement?** |
|---|

You can object to the Settlement if you do not like some part or all of it.  You must give reasons why you think the Court should not approve the Settlement.  You may also object to Plaintiffs' Counsel's request for attorneys' fees, reimbursement of expenses, and service awards to the named plaintiffs.  To object, you must file your objection with the Court no later than XXX, and mail your objection to these five addresses postmarked no later than XXX.

| PLAINTIFFS' COUNSEL | COUNSEL FOR DEFENDANTS |
|---|---|
| Edward Diver<br>Howard I. Langer<br>Peter Leckman<br>LANGER, GROGAN & DIVER, P.C.<br>1717 Arch Street, Suite 4130<br>Philadelphia, PA 19103 | Daniel J. Toal<br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019<br><br>Arthur J. Burke<br>David B. Toscano<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, NY 10017<br><br>John Schmidtlein<br>William Vigen<br>Joelle Perry<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street NW<br>Washington, DC 20005<br><br>Melissa D. Ingalls<br>Tammy A. Tsoumas<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, CA 90071<br><br>Jonathan D. Schiller<br>Alan B. Vickery<br>Christopher E. Duffy<br>BOIES, SCHILLER & FLEXNER LLP<br>575 Lexington Avenue<br>New York, NY 10022 |

**12. What happens if I object and the Settlement is approved?**

If the Settlement is finally approved, you will remain a Class Member regardless of whether you objected.  You will remain bound by the terms of the Settlement and will not be able to sue Defendants about the claims in this case.

**13. What is the difference between objecting and asking to be excluded?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the relevant part of the Settlement.  Excluding yourself is telling the Court that you do not want to be part of that aspect the Settlement.  If you exclude yourself for purposes of pursuing past damages claims, you cannot object to the release of damages claims, because that aspect of the Settlement no longer affects you.  You may object to the provisions providing for changes in the Defendants' practices whether or not you exclude yourself from the settlement.

# THE LAWYERS WHO REPRESENT YOU

**14. Do I have a lawyer in this case?**

The Court appointed Langer Grogan & Diver, P.C. to represent the class. This firm, together with other law firms that have assisted them, are called "Plaintiffs' Counsel."  You will not be charged for these lawyers, because their fees will be paid separately by Defendants if the court approves the fees.  If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

**15. How will the lawyers in the case be paid?**

Plaintiffs' Counsel will ask the Court to award attorneys' fees and reimbursement of the expenses they had in this case.  Plaintiffs' Counsel's application for attorneys' fees and expenses will be filed with the Court by XXX, and posted on the Settlement website.  Plaintiffs' Counsel will request $16,500,000 in fees and costs, which is based on the hourly fees they have incurred over the last 4 years and the litigation expenses they have incurred over this time.

Plaintiffs' Counsel will also ask for service awards of up to $10,000 for each named Plaintiff for their services on behalf of the class. The named Plaintiffs worked with Plaintiffs' Counsel to litigate this case, including producing documents, being deposed by Defendants, and preparing for trial.

All fees, costs, and service awards are entirely in the discretion of the District Court. Any fees, costs, and service awards that the Court awards will be paid by Defendants.

# THE COURT'S FAIRNESS HEARING

**16. How will the Court decide whether to approve the Settlement?**

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider Plaintiffs' Counsel's request for attorneys' fees and expenses and service awards for the named Plaintiffs.  If there are objections, the Court

will consider them.  If you do not file a written objection, you will not be permitted to speak at the Fairness hearing.  After the Fairness Hearing, the Court will decide whether to approve the Settlement and how much to award for fees, expenses and service awards.

| **17. When and where will the Court decide whether to approve the Settlement?** |
| --- |

The Court will hold the Fairness Hearing on XXX, at XXX, at the United States Courthouse, 500 Pearl Street, New York, New York 10007-1312.  A motion for final approval of the Settlement will be filed by Plaintiffs' Counsel by XXX.  The motion will also be posted on the Settlement website, www.MLBBroadcastingSettlement.com.

The Fairness Hearing may be moved to a different date or time without additional notice, so it is recommended that you periodically check www.MLBBroadcastingSettlement.com for updated information.  Members of the Class who support the Settlement do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.  Members of the Class who object to the Settlement are not required to attend the Fairness Hearing.

| **18. Do I need to come to the hearing?** |
| --- |

No.  Plaintiffs' Counsel will answer any questions the Court may have.  However, you are welcome to attend the hearing at your own expense.  If you send in a written objection, you do not have to come to the Fairness Hearing to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You also may pay your own lawyer to attend the Fairness Hearing, but his or her attendance is not necessary.

| **19. May I speak at the hearing?** |
| --- |

You may speak at the Fairness Hearing if you submitted an objection as described in the answer to Question 11 and stated in your objection that you wish to be heard at the Fairness Hearing.  You must file your objection by XXX or you will not be heard.

If you choose to appear in person at the Fairness Hearing, you can appear yourself or by retaining an attorney at your own expense to appear on your behalf.  If the attorney is appearing on behalf of more than one Class Member, he or she must identify each of those Class Members.

# OTHER INFORMATION

| **20. How do I get more information?** |
| --- |

This notice summarizes the Settlement.  More details are in the Settlement Agreement available at www.MLBBroadcastingSettlement.com.  If you still have questions, call the Settlement Administrator at 1-800-481-7948, contact them via the settlement website, or write to *Garber v. Office of the Commissioner of Baseball*; c/o Heffler Claims Group; Po Box 58547; Philadelphia, PA 19102-8547.

**Please do not contact Defendants, their counsel, the Court or the Clerk's office.**