

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERNANDA GARBER, MARC LERNER, DEREK RASMUSSEN, ROBERT SILVER, GARRETT TRAUB, and VINCENT BIRBIGLIA, representing themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, et al.,<br><br>Defendants. | Civil Action No. 12-cv-3704 (SAS) |

### [PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT, SCHEDULING HEARING FOR FINAL APPROVAL THEREOF, AND APPROVING THE PROPOSED FORM AND PROGRAM OF NOTICE TO THE CLASS

All parties in this matter have reached a proposed settlement (the "Settlement"), as embodied in the Class Action Settlement Agreement dated January 19, 2016 ("Agreement").[1]

Plaintiffs have moved for an Order preliminarily approving the Settlement and have requested a Fairness Hearing and approval of a plan for providing notice to the class. The Court has considered the motion as well as the Agreement and its accompanying documents.

NOW, THERFORE, this 22 day of January, 2016, finding good cause,

**IT IS HEREBY ORDERED THAT:**

1. The motion for Preliminary Approval of the Settlement is GRANTED.

2. The capitalized terms used in this Order granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement shall have the same meanings set forth in the Agreement.

---

[1] In its May 14, 2015 Order, the Court certified two separate classes, an Internet Class and a Television Class. For purposes of this Order, the Court will refer to them jointly as the "Class," unless otherwise specified.

3. The Court preliminarily approves the Settlement. The Court finds that the Settlement is the product of arm's length negotiation by experienced counsel. The Court further finds that the Settlement is fair, reasonable, and adequate, in the best interests of the Class, and within the range of possible approval, subject to consideration at the Fairness Hearing as set forth below.

4. The Class certified by the Court on May 14, 2015, and subject to this Order is defined as follows:

> All individuals in the United States who purchased television service from DIRECTV and/or Comcast, or their subsidiaries, which included MLB Extra Innings, and/or who purchased MLB.tv from the League Defendants or its subsidiaries, between May 9, 2008 and January 18, 2016. Excluded from the Class are Defendants and their employees, officers, directors, and legal representatives. Also excluded from the Class are Judge Shira Scheindlin and members of her judicial staff of the United States District Court for the Southern District of New York, and members of their immediate families.

5. The Court's class certification order dated May 14, 2015 appointed Plaintiffs Marc Lerner, Derek Rasmussen, Garrett Traub, and Vincent Birbiglia as representatives of the Class, and appointed Langer, Grogan & Diver P.C. as lead counsel for the class.

6. The Court has jurisdiction over the subject matter of this Action and personal jurisdiction over all the Parties, including all members of the Class.

7. A Fairness Hearing will be held on __April 25__, 2016, at __2:30 pm__ in Courtroom 15C of this Courthouse before the undersigned to consider the fairness, reasonableness and adequacy of the Settlement. The foregoing date, time, and place of the Fairness Hearing shall be set forth in the notice and publications ordered herein, but shall be subject to adjournment or

change by the Court without further notice to the Members of the Class other than that which may be posted at the Court and on the Court's website.

8. The Court finds that the notice set forth in the Parties' Notice Plan—attached as Exhibit B to the Agreement—satisfies the requirements of due process, the Federal Rules of Civil Procedure and any other applicable laws and rules; constitutes the best notice that is practicable under the circumstances; is otherwise fair and reasonable; and shall constitute due and sufficient notice to all persons entitled thereto. Accordingly, the notice set forth in the Notice Plan is the only notice that is required to be provided.

9. The notice procedures shall begin as soon as practicable and shall be completed within 45 days from the date of this order.

10. The Court approves Heffler Claims Group as the Settlement Administrator ("Administrator").

11. The Court approves the exclusion procedure set forth in Section X of the Agreement and in the Notice. Any Class member so excluded shall not be bound by the Settlement to the extent described in Section IX of the Agreement and in the Notice. Exclusions must be prepared and sent to the Administrator as set forth in the Notice Plan and must be properly completed and postmarked no later than April 15, 2016.

12. Absent a Court Order to the contrary, any Class member who does not file a valid and timely request for the limited exclusion referred to in Paragraph 11 shall be bound by all proceedings, orders and judgments of the Court pertaining to the Class, including the Final Judgment and any order of dismissal dismissing with

prejudice all claims of Class members, and the release of claims as set forth in the Agreement.

13. The Court approves the objection procedure set forth in the Notice and the Agreement. Notices of objection must be properly completed and filed with the Court no later than April 15, 2016. The manner set forth in the Notice Plan in which an objection shall be prepared, filed, and delivered is explained in detail in the Notice and is approved by the Court.

14. Any party wishing to respond in writing to a class member who files an objection shall file a response with the Court no later than April 25, 2016 or alternatively may include a response with the motion for final approval or any supporting brief filed by Defendants.

15. At least 14 days before the Fairness Hearing, Plaintiffs shall file with the Court a motion for final approval of the Settlement along with a proposed Final Approval Order substantially in the form of Exhibit E to the Agreement.

16. All proceedings in the above-captioned *Garber* action are hereby stayed, except those proceedings required by or provided for by the Settlement until such time as the Court renders a final decision regarding the approval of the Settlement and, if it approves the Settlement, enters final judgment and dismisses this action with prejudice.

17. If the Settlement is terminated in accordance with the Agreement or does not go into effect because no Final Approval is granted by this Court or for any other reason, this Order shall become null and void, and shall be without prejudice to

the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

18. Nothing in this Order, the Agreement, any other settlement-related document, anything contained herein or therein or contemplated hereby or thereby, or any proceedings undertaken in accordance with the terms set forth in the Agreement or herein or in any other Settlement-related document, shall constitute, be construed as, or be deemed evidence of or an admission or concession by Defendants as to the validity of any claim that has been or could have been asserted.

19. The Clerk of the Court is respectfully requested to terminate the pending motion for preliminary approval of the Settlement.

**IT IS SO ORDERED.**

_____
HON. SHIRA SCHEINDLIN
UNITED STATES DISTRICT JUDGE